THOMAS D. SPEER, plaintiff in error, *vs.* REBECCA L. TINSLEY *et al.*, defendants in error.

1. A plea by a guardian cited before the court of ordinary to settle with his wards, that he had taken the note of the executor of their father's will in settlement with such executor; that such executor was solvent at the time; that some time thereafter he ascertained that the executor was in debt, and in a year or two took a mortgage upon slaves to secure the note; that afterwards the executor absconded, and all his property was attached, and that he, the guardian, bought the mortgaged slaves, who were afterwards emancipated by the war and were a loss to him, connected with the allegation in the plea that he had charged himself, as guardian, with so much money due to each ward, and not alleging in said plea that the note he took was payable to him as guardian, or the mortgage made to him as such, and alleging as an excuse for not making the balance of the money due to his

VOL. LV. 7.

wards out of said executor, that he hoped to have made it by a trade with the executor, is bad, and on demurrer, was properly stricken by the court.

2. In such trial, on appeal to the superior court, it is not error to allow the wards to show additional indebtedness of their guardian to them, by showing that they are heirs to their deceased brother, who was also a ward of the same guardian, and whose funds were in his hands; and his return to the ordinary of the estate of such deceased ward is proper evidence against the guardian.

3. Where the court, on demurrer thereto, has stricken defendant's plea, it is not error to rule out testimony offered to prove the facts set out in the plea, in substance the same, though slightly different, to avoid the force of the blow which struck the plea.

4. On a settlement between guardian and wards, the guardian may show " all reasonable disbursements and expenses suitable to the circumstances of his wards," and if in the series of years in which he has managed his wards' estate, he has not expended the *corpus*, he cannot be held responsible for the profits or interest of the estate, though he may have spent for his wards more than the profits and interest of a given year that year, or less another year; provided, during the whole period of his guardianship, he has not expended more than the entire interest, and has disbursed it reasonably and suitably to the circumstances of his wards, and legally in other respects.

Guardian and ward. Pleadings. Evidence. Interest. Before Judge CLARK. Sumter Superior Court. April Term, 1875.

Reported in the opinion.

S. C. ELAM; McCAY & TRIPPE, for plaintiff in error.

N. A. SMITH; HAWKINS & HAWKINS, for defendants.

JACKSON, Judge.

Thomas D. Speer was cited to appear before the ordinary, by virtue of our Code, to settle with his wards, Rebecca L. Tinsley and Mrs. Durant, formerly Miss H. V. Tinsley. The ordinary found a certain sum due by the guardian to each of the wards, and Speer appealed to the superior court. The jury having been charged with the law by the court, found a verdict for Rebecca L. Tinsley for the sum of $861 38 principal, and $779 68 interest, and for Mrs. H. V. Durant the sum of $868 31 principal, and $1,086 54 interest. A motion

was made for a new trial on several grounds; the court overruled it on all, and that judgment, on each ground, is assigned for error.

1. The first ground is, that the court erred in sustaining the demurrer to defendant's plea and striking the same. The plea, as set out in the record, is to the effect that the father of these wards left a considerable estate in the hands of one Thompson, who administered it; that defendant qualified as the guardian of these complainants, and took Thompson's note for $2,000 00, in part payment of what was owing to his wards, Thompson, at the time, being solvent, and that he hoped to realize the balance due his wards in a trade he expected to make for a negro with Thompson; that confiding in Thompson's character and credit, he charged himself with the sum of $863 59, due to each of his wards, to-wit: the two complainants and one T. H. L. Tinsley, their brother; but that Thompson afterwards being involved in debt, he took a mortgage on two of his slaves after some years' effort and delay; that Thompson afterwards absconded, and his property was attached, and defendant bought the two slaves mortgaged. It is not stated in the plea that the note was taken by defendant as guardian, nor that he took the mortgage as such. Indeed, he had no right to have done so, and such action would have charged him individually. The plea is to be taken most strongly against him, and stripped of the argumentative part of it, it amounts to the foregoing statement. The result is that he charged himself as indebted to his wards in the sum aforesaid, which, by his own faith in the character and credit of Thompson, he never realized out of him; and having credited him, too, so far as we see from the plea, individually, on individual contracts, and not as guardian. We think that the court was clearly right in sustaining the demurrer and striking the plea. We see, from a note of the judge, that the plea was amended to the effect that he had made expenditures for his wards, and that he was allowed to make proof thereof.

2. Again, it is complained that the court erred in admitting

the exemplification of the record of the court of ordinary in relation to the estate of T. H. L. Tinsley. Defendant was his guardian, and the two complainants were two of his heirs; and we think it was competent to show, in this settlement before the ordinary, and appeal therefrom, defendant's indebtedness to complainants in this behalf. It was all in defendant's hands; equity abhors circuity and multiplicity of suits; and this proceeding for a settlement before the ordinary is in the stead and nature of a bill in equity; the complainants were heirs of their deceased brother, and entitled to recover their share from their guardian, especially as he was bound to collect it, and had nothing to do but to collect it from himself. It was in his own hands.

3. Again, it is urged that the court erred in not allowing the defendant to prove that no funds ever came into his hands belonging to these wards; and if any, how much, in what and where. We suppose that this means that the court refused to allow the defendant to set up by proof the plea which had been overruled on demurrer, and to show that, though he had charged himself with the funds of his wards, and had given indulgence to Thompson, and taken mortgages from him on time, and traded with him individually, until, by emancipation of the slaves, and otherwise, Thompson became insolvent, he ought to be allowed to contradict his returns, and make his wards pocket the loss sustained by his own credit of Thompson, his neglect to sue him, and his general *laches.* We think the court right in rejecting the evidence.

4. The remaining error assigned is, that the court erred in charging, substantially, that the guardian was bound to confine the annual expenses of his ward to the interest of that particular year, and not to allow the interest of the year before, if any had accumulated, to go to the support or education of the ward without leave of the ordinary. In other words, that if interest any given year was in excess of the actual expenditure for the ward that year, it became principal or part of the *corpus* of the estate, and could not be drawn upon any subsequent year when the ward's expenses became

Speer *vs.* Tinsley *et al.*

heavier, without leave of the ordinary. It seems to us that the object of the statute is to preserve *the corpus* of the estate of the ward received by the guardian. That *corpus* is sacred, and must not be touched without leave of the ordinary. If the guardian does use it, he does so at his peril, and will be held responsible therefor. But if he can show that the *corpus* is intact, and that he has only allowed his ward to expend the interest of the estate for the time he has managed the trust estate, though not spending all some years, and going over the income other years, we think he should not be held accountable therefor, provided he shows that the expenditure of such interest for the series of years was only "reasonable disbursements and expenses suitable to the circumstances of the orphan committed to his care." In the earlier infancy of the child, the expenses would be quite small; when old enough to go to school, larger; when a young lady, much larger; and if the interest or profits not expended when she was a little girl, added to the annual profits when she became a young lady, was but a reasonable expenditure suited to her circumstances, we do not think the guardian would act illegally in permitting it to be spent. One year there might be sickness, or other providential circumstances, increasing the ordinary expenses of the ward, and if profits or interest have accumulated, the guardian, it seems to us, might well use such accumulation, and need not put the estate to the expense of getting an order from the court of ordinary therefor. Such is, to our minds, the reason and spirit of the sections of the Code, construing them together, bearing upon this subject; and we think the court erred in construing them differently, though he may have used a part of the language of the Code. The sense and meaning of it should have been given to the jury : Code, sections 1824, 1825.

Understanding from the record and the argument of counsel that the jury acted upon this construction of the law by the court, and that it will make a considerable difference in the verdict, we overrule the judgment refusing the new trial, and send the case back, holding and ruling that if this guardian

has accounted for any of the interest in excess of expenditure by his ward for a given year by showing that it was expended by the ward in subsequent years, he should not be chargeable with with such excess of interest; and if, in a given year, he expended more than the profits of that year, but during the entire time of the infancy of the ward and his guardianship, the *corpus* was not entrenched upon but only the interest or profits was expended, he is not chargeable with such interest or profits; provided, always, that he show to the satisfaction of the jury that such interest or profits was expended reasonably and suitably to the circumstances of the ward, and lawfully in other respects.

Judgment reversed.