BEAVERS, ordinary, for use, *vs.* BREWSTER, administrator, *et al.*

[This case was argued at the last term, and the decision reserved.]

1. In an action of debt, commenced in 1875, on the bond of an administrator with the will annexed, appointed in 1860, brought by the ordinary for the use of a pecuniary legatee, the declaration alleged that the legatee was an infant until the 25th of September, 1871, that he had a guardian who was appointed in 1860, at the same time the administrator with the will annexed was appointed, that the guardian was ever ready and willing to receive the legacy, that the said administrator refused, failed and neglected to pay it, and that he had had sufficient time to have wound up the testator's estate and to have paid over the legacy by the 2d of April, 1861 :

*Held*, that under these allegations the action was barred by the limitation act of 1869.

2. A further cause of action alleged in the same declaration was, that a like legacy was bequeathed by the same will to a brother of the usee of the plaintiff, who was also a ward of the same guardian, that the

said ward died during his minority, leaving the usee of the plaintiff his sole heir at law, that the guardian was ever ready and willing to receive said legacy, but the administrator refused, failed and neglected to pay it, that the administrator had had sufficient time to have wound up the testator's estate and to have paid over the legacy by the 2d of April, 1861, and that the guardian, since the death of his ward, has expressed unwillingness to collect in the assets, and absolutely refuses to collect this legacy. The guardian, who by law (Code, §1851,) is charged with administering his deceased ward's estate, and consequently takes the legal title to the personalty, was not made a party:

*Held,* that as to this cause of action the declaration was properly dismissed on demurrer.

Administrators and executors. Guardian and ward. Statute of limitations. Parties. Before Judge BUCHANAN. Campbell Superior Court. February Term, 1878.

Report unnecessary.

LAVENDER RAY, for plaintiff in error.

P. H. BREWSTER, for defendants.

BLECKLEY, Justice.

The declaration, with the exhibit annexed, shows that Lewis Hobgood died testate, and that his will was probated in 1859; that he bequeathed to his grand-sons Lewis and Thomas G. Hobgood (brothers) one hundred and fifty dollars, each; that W. J. Camp qualified, April 2d, 1860, as administrator with the will annexed, giving, on the same day, bond as such administrator, with certain persons as sureties; that Camp received assets sufficient to pay debts and legacies; that he died, at what time is not disclosed, and that P. H. Brewster became his administrator. Upon the bond of Camp as administrator with the will annexed of Lewis Hobgood, the testator, this action is founded. It was commenced in January, 1875, and was brought in the name of the ordinary for the use of Thomas G. Hobgood, against Brewster as administrator of Camp, and against the sureties who executed the bond with Camp. The object

was to recover both legacies, one of them as directly bequeathed to Thomas G., and the other as having descended to him on the death of his brother Lewis, leaving him sole heir at law. The form of the action is debt, and the declaration is long, but all its material contents can be gathered from the foregoing statement together with the following extracts:

"That from the returns of said W. J. Camp, administrator with the will annexed of Lewis Hobgood, the said W. J. Camp was due to the said Thomas G. Hobgood and his brother Lewis the sum of three hundred dollars, besides interest, on or about 2d day of April, 1860; that he has had sufficient time to have wound up the said estate under the said will, and to have paid over to the legatees their several legacies by the 2d day of April 1861; that the said Lewis Hobgood, brother of Thomas G. Hobgood, is now dead, and the said Thomas G. Hobgood is his only heir at law, and therefore entitled to the whole legacy of himself and the said Lewis." " And petitioner further says, that he alleges as a breach of the condition of the said bond of the said W. J. Camp, that he did keep, sell all goods and chattels belonging to the estate of Lewis Hobgood, and collect the debts due said estate, and realized some thirty or forty thousand dollars, and neglected, failed and refused to pay the legacy of the said T. G. Hobgood, or any part thereof, and still doth refuse to pay the said legacy or any part thereof." " That Matthew Reade was appointed guardian for the said T. G. Hobgood and his brother Lewis Hobgood at the time the said W. J. Camp became administrator on the estate of Lewis Hobgood, and the said Matthew Reade was ever ready and willing to receive the legacy of the said T. G. Hobgood and Lewis Hobgood, but the said W. J. Camp refused, neglected and failed to pay the said legacy or any part thereof. That the said T. G. Hobgood was a minor at the time the said will was probated, and remained a minor until the 20th day of September, in the year 1871; and the said Lewis Hobgood, his brother, was a minor at the time he de-

parted this life, and since his death the said Matthew Reade has expressed his unwillingness to collect the assets of the said Lewis Hobgood, Jr., and to bring an action on the bond of said W. J. Camp to recover said legacy due to the said Lewis Hobgood by the will aforesaid, and absolutely refuses to collect said legacy. Plaintiff avers that by reason of the said W. J. Camp having died without paying the legacy of the said T. G. Hobgood, such being a breach of the condition of the said bond, that a perfect right of action accrued to the said T. G. Hobgood for his legacy," etc.

The declaration was demurred to as to both causes of action because they were barred by the limitation act of March 16th, 1869 ; and moreover, as to the legacy of the deceased brother, because the right of action for the same was not in the surviving brother. The court sustained the demurrer, and dismissed the action, and this is alleged as error.

1. First, was the suit in time as to the legacy of the living brother, the real plaintiff in the action, the ordinary suing but for his use ? The limitation act of 1869 contains no express exception in favor of infants, but this court has ruled that in a case falling under the act, an infant has the same time to sue after attaining his majority as the act gave to persons under no disability at the date of its passage, to-wit, nine months and fifteen days. *Jordan vs. Ticknor, ante*, 123. It is somewhat difficult to determine whether the breach of the administrator's bond is laid, in the declaration we are considering, prior to the first of June, 1865, so as to put the case under the act of 1869 (without reference to there having been a guardian competent to sue) or not. When Camp, the administrator, died does not appear; nor does it appear when administration upon his estate was granted to Brewster, or to the predecessor of Brewster, Brewster being described in the declaration, not as the original administrator of Camp, but as administrator *de bonis non*. The last date fixed by the declaration at which we can say with certainty that Camp was in

life is the second of April, 1861. At that date he had had sufficient time to have wound up the testator's estate, and to have paid over the grandsons' legacies. Their guardian, appointed at the same time Camp was appointed, was ever ready and willing to receive them, but Camp refused, failed and neglected to pay. Without giv.ng any other date, the declaration alleges as a breach of the bond, *eo nomine*, that Camp "did keep, sell all goods and chattels belonging to the estate of Lewis Hobgood, and collect the debts due said estate, and realized some thirty or forty thousand dollars, and neglected, failed and refused to pay the legacy of the said T. G. Hobgood, or any part thereof, and still doth refuse to pay the said legacy or any part thereof." And still not giving any other date, the declaration proceeds to allege "that by reason of the said W. J. Camp having died without paying the legacy of the said T. G. Hobgood, such being a breach of the condition of the said bond, that a perfect right of action accrued to the said T. G. Hobgood for his legacy." Now, when all this occurred unless it was on or before the second of April, 1861, the only date specified in connection with any alleged breach of duty on the part of Camp, we do not know and cannot conjecture. The averment, "and still doth refuse to pay the said legacy or any part thereof," is hopelessly unintelligible; since a dead man, so far as we know or believe, can neither pay nor refuse to pay. We cannot blame the presiding judge, in construing the declaration, if he referred all the charges of misconduct to the only date which the pleader specified. The alternative lay between doing this, and treating some of them as referable to no alleged date whatever, and, therefore, as too vague and uncertain to fill the measure of good pleading.

But it affirmatively appears on the face of the declaration that the plaintiff, though a minor when the limitation act of 1869 was passed, had then a guardian, and that this guardian was appointed in 1860, at the same time Camp became administrator. Under the charges of the declara-

tion, it was clearly the duty of the guardian to call the administrator or his representative to account, and if his failure to do so has injured the ward, he is answerable to the ward for such injury. We think that, with reference to personal assets, especially to a mere money demand, if an infant ward having a guardian competent to sue in his behalf, would not be affected just as an adult by the limitation act of 1869, at all events any action for money due the ward which the guardian could have brought prior to June 1, 1865, but failed to bring at all, though his trust continued until after January 1, 1870, so that he might have complied with the act of 1869 if he had been disposed, would be barred as against the ward himself unless brought by him within nine months and fifteen days after attaining majority. According to the declaration, Camp was subject to suit at the instance of the present plaintiff's guardian on the second of April, 1861. If Camp died and his estate was unrepresented, so that the guardian could not have complied with the act of 1869, or so that the plaintiff himself could not have brought his suit within due time after arriving at age, this allegation, distinctly pleaded, ought to be found in the declaration. In its absence, in applying so stringent a limitation law as the act of 1869, courts should and will assume that there was no impediment to a suit by the guardian within the period allowed by the act, and none to a suit by the plaintiff within the nine months and fifteen days after his personal disability ceased. Without showing that there was no proper party for his guardian to sue, or none for himself to sue when, in the regular course of things, the suit ought to have been commenced, his delay to bring it until more than four years after he arrived at age is unexplained, and is fatal to his case. It may be observed that there is no charge of fraud in the declaration, and nothing whatever advanced in avoidance of the bar of the statute, except infancy.

2. Second, was the action maintainable as to the legacy of the deceased brother, the plaintiff being his sole heir at

law ? This brother never attained majority, but died intestate (when is not stated) whilst still a minor and a ward of the same guardian. The guardian thus became his administrator by operation of law. Code, §1851. The foregoing ruling as to the limitation act of 1869 applies equally to this part of the case, for it does not appear that the guardian had any excuse for not complying with that act, nor does it appear that the present suit, were he a party to it, would be within any of the exceptions which have been recognized to the sweeping terms of the statute. If he were here as plaintiff, in virtue of his office of guardian or administrator, he would be barred; and when an administrator is barred as to personalty, so are the heirs or distributees. But he is not a party either plaintiff or defendant, and yet the legal title to his deceased ward's legacy is in him as administrator, and not in the plaintiff as heir at law. The action is a plain action at law, and the legal title is not before the court, and no judgment which the court could render would affect that title. If the plaintiff were to recover, it would be no protection against a subsequent suit and recovery by the guardian as administrator, more especially if there were debts for necessaries, or other liabilities resting upon the ward's estate.

The court did not err in sustaining the demurrer and dismissing the action.

Judgment affirmed.