### SHORT *v.* MATHIS, executor.

1. Where one has been duly appointed the guardian of the property of a minor, it becomes his duty to take possession of and preserve for the benefit of his ward all property, real and personal, within his knowledge that belongs to the minor. If, therefore, such guardian knows that his ward has interests in certain lands, and consents for a person who has no title thereto to enter upon and use such land, and in consequence of such negligent conduct on the part of the guardian the ward loses the realty itself as well as the rents, issues and profits therefrom, the guardian becomes liable not only for the rents but for the value of the land.

2. When there was a settlement between the guardian and ward after the latter had arrived at age, and, on account of the relation between the parties, the ward reposed special confidence and trust in her guardian, believing that he had made a full showing for all the property owned by her, but when she, several years afterwards, discovered that she had interests in certain real estate of which her guardian knew before and at the time of settlement and had fraudulently concealed from her, and had also, by fraudulent collusion with a party who had no interest in the land, suffered such stranger to the title to remain upon the premises, and, in a year after such discovery of the fraud, the ward instituted her suit against the guardian for the value of the land and the rents and profits therefrom which she had lost through this negligent conduct of her guardian, her action was not barred by any statute of limitations.

3. In such a case the superior court of the county of the defendant's residence has jurisdiction, notwithstanding the land may be located in another county.

4. It follows that the court erred in sustaining a general demurrer to the plaintiff's equitable petition.

Submitted May 10, — Decided June 7, 1899.

Equitable petition. Before Judge Littlejohn. Marion superior court. October term, 1898.

*G. P. Munro* and *C. J. Thornton,* for plaintiff.

*J. H. Lumpkin* and *Brannon, Hatcher & Martin,* for defendant.

LEWIS, J.  The plaintiff in error filed an equitable petition in Marion superior court, making substantially the following case : Thomas W. Harvey became guardian of the person and property of the petitioner in 1872, and as such guardian took possession of all her property except an undivided one-seventh interest in 800 acres of land situated in Talbot county, Georgia. He well knew that petitioner owned this interest in that land, and, instead of taking possession thereof for her, he colluded with one Brown, who was a brother in law of said guardian, and allowed Brown to take possession of said land and collect and receive the rents thereof for his own use.  Brown had died intestate and insolvent.  There was no administration upon his estate.  The petition further alleged that petitioner was young, and that she confided in her guardian and relied upon his faithfully performing his duties as such; yet he concealed and suppressed from her his knowledge of her interest in the land mentioned.  She reached her majority in 1880 and had a settlement with her guardian, who did not account to her for the land or the rents and profits thereof, and did not inform her that she owned the land or any interest therein.  The first time she received any information about her interest in the land was in 1891.  She had then lost the land and her profits therefrom, and she brought her action the following year against Thomas W. Harvey for the purpose of recovering the value of the land with the profits.  Harvey died pending the suit, and his executor, Evan T. Mathis, was made a party defendant. This petition was demurred to on the following grounds: (1) Because no cause of action was set forth.  (2) Because plaintiff had a full remedy at law.  (3) Because under the allegations in the petition the title to the realty in controversy was in plaintiff, and defendant should not be held liable for the value thereof.  To the judgment of the court sustaining this demurrer the plaintiff excepts.

1. There can be no question about the correctness of the proposition laid down in the first headnote.  When one is appointed guardian of the property of a minor, it of course be-

comes his duty to take possession of all the property which rea-sonable diligence would require him to ascertain as belonging to his ward, care for it, preserve it, and, on final settlement with the ward, account for the corpus of it as well as for the income. If he has knowledge of property owned by the ward within the jurisdiction of the State, and, instead of protecting the interests of the minor therein, suffers another to seize posses-sion of it and appropriate it, taking no steps to prevent such trespass, but on the contrary colluding with the trespasser in his wrongful acts, he is of course liable for any loss which the minor thereby sustains, and if both the corpus and the income of such estate are thus lost to the minor, the guardian is re-sponsible, not only for the income, but for the value of the property itself.

2. It is contended in this case, however, that the petition shows that the title to the real estate in question is in the plain-tiff, and that therefore she can in no event recover the value of the realty itself from the guardian. On the contrary, the pe-tition alleges that this conduct of the guardian resulted in the loss of the land to the plaintiff. It is therefore not necessary in this case to pass upon the question whether or not the plaintiff could recover the value of this land from her guardian in the event that it appeared that she still had the legal title thereto and could recover the property against anybody hold-ing adversely. It is possible for the title to have gone from her forever by prescription that would run in favor of some inno-cent purchaser. It is true the petition does not allege how it was the land had become lost to the plaintiff, but there was no special demurrer to it on this ground. Had there been, the pe-tition could have been amended; and we therefore do not think that such a defect could be taken advantage of on general de-murrer.

It is further contended by counsel for defendant in error, that the petition shows upon its face that it is barred by the stat-ute of limitations, the suit having been brought more than ten years after the final settlement with the guardian. This case is evidently founded upon the principle embodied in section 3785 of the Civil Code, which declares: "If the defendant, or

those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." It is true there is another rule of law that is often invoked and enforced in such cases, to the effect that a party should exercise due diligence to discover fraud, and if his failure to discover the same is the result of his own laches, then the limitation period of the statute may be still invoked against him. In the case at bar it was alleged that this fraud was not discovered until a very short time before the bringing of the action, and there is nothing in the allegation to authorize the inference that the failure to make this discovery was through any fault of the plaintiff. She alleges in substance that the wrong done her was the result of a fraudulent collusion between her guardian and his brother in law, that she knew nothing whatever of her interest in the land, and that the fact was fraudulently concealed from her by her guardian. She had a right to rely upon him at the final settlement to divulge all the property belonging to her and which he should have taken charge of during his guardianship. A failure to employ the necessary means to discover fraud will often be excused "when the plaintiff has been lulled into a sense of security by reason of a relation of trust and confidence between himself and the defendant, rendering it the duty of the latter to disclose the truth, and when it also appears that because of this confidence the plaintiff was actually deterred from sooner discovering the fraud, or even suspecting that any fraud had been perpetrated upon him." *Kirkley* v. *Sharp*, 98 *Ga.* 484. It is difficult to conceive of a more confidential relation that can exist between two persons than that of guardian and ward, in so far as the property rights of the latter are concerned. While the petition in this case might have been fuller in specifying how it was that plaintiff's title to this property became lost and how it was that she did not become sooner apprised of the facts set forth, yet there was no special demurrer on any of these grounds; and the petition setting forth a substantial cause of action, we think the court erred in dismissing the same on general demurrer.

3. It is further contended by counsel for the defendant, that inasmuch as the land mentioned did not lie in the county in which the suit was brought, the court did not have jurisdiction of the action. This was not made a special ground of demurrer, and even if it had been, this was not a suit to recover land, or involving title to land, within the meaning of the constitution and laws of the State on that subject. It was an equitable proceeding, virtually charging a devastavit upon the guardian; and while the basis of recovery was the value of the land and mesne profits alleged to have been lost on account of the wrongful conduct of the guardian, yet it was properly brought in the county of his residence. *Clayton* v. *Stetson*, 101 *Ga.* 634. , *Judgment reversed. All the Justices concurring.*