JONES, guardian, *v.* NOLAN, administrator.

SIMMONS, C. J. 1. Even if the auditor failed to classify and state his rulings and findings and "report his conclusions upon the law and facts as required by law," this should have been made the ground of a motion to recommit, and not of an exception of law to his report.

2. Where the guardian of an insane person, after the latter's death, procures

another to obtain letters of administration and makes final returns for the purpose of final settlement with the administrator, and the latter files objections to such returns, the proceeding is properly to be treated as amounting to a citation for final settlement.

3. While a guardian may have the right to hold funds of the ward, uninvested, for the purpose of paying off a judgment as to which there is pending litigation, yet where the guardian does not do this but mingles such funds with his own, he is liable for the interest thereon, even though he individually has at all times with banks, warehousemen, and cotton factors enough money to settle fully with his ward, none of such money being deposited by him as guardian. *Doster* v. *Arnold*, 60 *Ga.* 316.

4. Where a guardian receives funds of his ward and makes no effort to invest them, but mingles them with his own, he is properly charged with interest upon the balance left in his hands at the beginning of each year after the first.

5. It is proper to overrule an exception to an auditor's report, complaining of the admission of evidence, when it appears that the auditor found for the excepting party on every issue to which such evidence related.

6. Under the foregoing rulings there was no error in disallowing the exceptions of fact to the auditor's report.

7. Questions not insisted on or referred to in the brief for the plaintiff in error will be treated as abandoned.

*Judgment affirmed. All the Justices concur.*

Argued June 14, — Decided July 13, 1904.

Exceptions to auditor's report.   Before Judge Holden.   Morgan superior court.   November 16, 1903.

*George & Anderson,* for plaintiff in error.
*Foster & Butler* and *Q. L. Williford,* contra.