DORA L. SCHREIBER, Respondent, *v.* HENRY G. K. HEATH, Appellant.

*Rule that an attorney in an action by his client must show that the transaction was fair — it is not applicable to an action for damages for negligence in investing money.*

The rule that, in respect to any transaction between an attorney and client, the attorney is bound to establish the fact that the transaction was fair and honest, applies only to contracts and transactions between an attorney and client whereby the attorney obtained some property or property rights from his client.

It has no application in an action, brought by a client against his attorney, to recover damages resulting from the alleged negligence of the attorney in failing to exercise ordinary care and skill as an attorney in investing money for the client.

APPEAL by the defendant, Henry G. K. Heath, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of April, 1904, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of April, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Henry G. K. Heath*, for the appellant.

*Francis A. McCloskey*, for the respondent.

LAUGHLIN, J. :

The defendant is an attorney and counselor, and on different occasions had been employed by the plaintiff to loan moneys on bonds and mortgages. On or about the 9th day of September, 1897, she delivered to him the sum of $2,500, which it is alleged he under-

took to safely and securely invest. He loaned the money to one Gregg, of the town of New Rochelle, county of Westchester, upon the security of a mortgage upon a number of vacant lots and the bond of said Gregg. There was a prior mortgage on many of the lots. It is alleged that he represented that the mortgage procured for the plaintiff was a first mortgage ; that Gregg, the mortgagor, was responsible and that the investment was safe. It is further alleged that he was guilty of fraud and deception in misrepresenting facts and concealing the truth concerning the security and that he was also negligent in making the investment and accepting inadequate security.

At the close of the evidence the court ruled that the action could not be maintained upon the ground of fraud, but that it would be submitted to the jury upon the theory of negligence on the part of the defendant in failing to perform his duty to the plaintiff of exercising proper care to safely invest her money. The case was presented to the jury upon that theory. The court, however, after the close of the main charge and after charging certain requests, further charged, " There is one thing, gentlemen, I should say to you perhaps and that is this, that while the burden of proof is ordinarily upon the party who makes the allegations yet that in transactions between attorney and client the attorney is bound to establish that the transaction was fair and honest, that is, the law looks with more scrutiny upon a transaction between attorney and client than it does between two people who are supposed to stand upon an equality. At the same time, because a man is a lawyer you must not proceed to punish him, but treat him with the same fairness and impartiality that you would any other party in a litigation before you." Counsel for the defendant then respectfully asked permission to except to certain portions of the charge, whereupon the court said, " You may except to anything I have stated. You may do it after the jury go out." The court then gave instructions for a sealed verdict and after the jury retired counsel for the defendant excepted to the charge that the measure of damages was the difference between the amount loaned and the sum the jury should find " the property was reasonably security for," with interest, and also excepted " to that portion of your Honor's charge in which your Honor states that the burden of proof is on the defendant to prove the transaction

was fair and honest." The court thereupon remarked, " I did not say that." Counsel for the defendant then said, " I may not have understood you." The court then directed the stenographer to read the charge on that subject and, at the conclusion, counsel for defendant said, " If that is intended to take away the burden of proof from the plaintiff——." The court at this point inter-, rupted counsel for the defendant, saying, " It is not intended to take away the burden of proof." Counsel for the defendant made no further attempt to take an exception. It is to be borne in mind that at this time the jury had retired and did not receive the benefit of the remark of the court that the part of the charge to which the exception was addressed was not intended to relieve the plaintiff of the burden of proof. The evidence presented a fair question of fact as to whether the defendant exercised proper care in investing the money upon reasonably safe security. The rule of law stated by the court, to which the exception was taken, applies to contracts and transactions between attorney and client where the attorney obtains some property or property rights from his client; but it has no application to a charge of negligence in failing to perform the contract duty of exercising ordinary care and skill as an attorney in protecting the rights of his client in a litigation or in transactions with others. It was prejudicial error to so instruct the jury on the issue of negligence that was submitted for their determination in this case. The exception was sufficient to present the question, and we think it was not waived.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.