ALBRITTON *et al. v.* GIDDINGS *et al.*

BECK, J. A and B brought their equitable petition against C and others, heirs at law of D, alleging, that in the year 1875 the grandfather of petitioners executed a deed conveying to them certain lands in Pulaski County, Georgia; that, their father having died, their mother intermarried with D; that afterwards, in the year 1879, D was appointed as their guardian; that subsequently, in the year 1881, D as guardian obtained an order authorizing the sale of the lands in Pulaski County, and did sell them to one S, and that either with the proceeds of the sale or in consideration of the lands in Pulaski County D had executed

to him a deed by S to certain described lands in Lowndes County, Georgia, which lands are involved in this case; that D and the mother of petitioners, as well as petitioners, resided for a number of years upon the lands in Lowndes County; that the occupancy of the lands by D and his wife was permissive, petitioners being "content for the family to have the use and occupancy of said premises in order that their mother might have a home on said land;" that such occupancy continued until 1906, about four years before the bringing of this suit; that these lands were "recognized" by D as being the lands of petitioners, D stating on various occasions that the land was theirs, stating further that the deed to the land was executed to him as guardian for petitioners; and that this deed, although executed in the year 1881, was not recorded until the year 1907, and petitioners were in entire ignorance of the nature of the deed, believing that it had been executed so as to vest D as their guardian with the title, until the year 1910, a short time before filing this suit. In the meantime D had died, and this suit was brought in the latter part of 1910 against the defendants as heirs at law of D. The petition concludes with the prayer, among others, that the title to the property be declared in petitioners, and that the deed from S to D individually be canceled, and for general relief. *Held:*

1. The court properly overruled a general demurrer to this petition, setting up the statute of limitations and laches on the part of the petitioners. *Short* v. *Mathis*, 107 *Ga.* 807 (33 S. E. 694), *Spence* v. *Queen*, 139 *Ga.* 587 (77 S. E. 820).

2. There were certain special demurrers. These were not referred to in the brief of counsel for plaintiffs in error, and are considered to have been abandoned.     *Judgment affirmed. All the Justices concur.*
    June 17, 1913.

Equitable petition. Before Judge George. Ben Hill superior court. June 4, 1912.

*J. R. Walker, Dan R. Bruce,* and *E. K. Wilcox,* for plaintiffs in error. *Haygood & Cutts,* contra.