19621. BENTON *v.* ROBERTS.

Decided February 18, 1930.

*W. H. Key, M. F. Adams, John R. L. Smith, Joseph LeConte Smith,* for plaintiff in error.

*A. S. Thurman,* contra.

Bell, J. Only the first division of the syllabus will be elaborated. Technically speaking, we think the court erred in striking the defendant's plea of the statute of limitations, and judgment will be entered accordingly. What we held upon a previous hearing was that the petition did not appear upon its face to be barred by the statute, and, thus, that the defendant's demurrer to the petition was properly overruled. It was an entirely different thing for the defendant to plead the statute, but as we have undertaken to show in the syllabus, the action of the court in striking the plea appears to have been harmless. If no other errors had been committed, we would not reverse the judgment because the court may have erred as to this matter.

To the legal mind the question may arise as to why we should have sought to demonstrate that the error in striking the plea was harmless, since we had to reverse the judgment upon other grounds. Our answer is that the case has been submitted twice to a jury and this is the second review by this court. Two verdicts have been found for the plaintiff, and there ought to be an end of the litigation as soon as it can be ended fairly and justly to both parties. Hence, we are merely suggesting to the court that if the same facts should be developed upon the next trial, there would be no issue as to the applicability of the statute of limitations for submission to the jury, even though there exists in the record a plea invoking the statute.

We trust that these remarks will be of aid to the court in dealing with this question upon the next trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*