22789. RAY *v.* ANDREWS.

DECIDED APRIL 5, 1933.

*Don K. Johnston, Pemberton Cooley,* for plaintiff in error.
*Joe Hill Smith,* contra.

GUERRY, J. This case originated in the court of ordinary, and was in the nature of a suit for removal of the guardian of the plaintiff. The ordinary removed Ray as guardian and rendered judgment in favor of the plaintiff for $500, and from this judgment an appeal was taken to the superior court. The judge of the superior court directed a verdict in favor of the plaintiff, and exception is taken to this ruling. The evidence disclosed that on December 23 certain money came into Ray's hands to be invested for the benefit of the plaintiff. On the same day guardianship papers were taken out by a relative of the plaintiff, but Ray did not qualify until January 5th of the ensuing year. A deed was executed by Ray and signed by him as guardian on December 23, the day on which the above-mentioned money came into his hands. Ray admits receipt of the money; that he signed the deed as guardian of the plaintiff; that after his qualification as guardian he invested the money in stock of a bank with which he was connected, without any order of the court; and that the ordinary requested that he make a return showing how the money was invested, which he did by letter.

■ The defendant's sole defense to the suit is on the theory that he came into the possession of the money before he was appointed guardian, and that he can not be held liable as such for those funds. With this contention we can not agree, both from the standpoint of law and of what is right and justice. It is a well-settled principle of law, both in this State and other States, that it is the duty of a guardian to take possession and preserve for the benefit of his ward all property, real and personal, *within his knowledge*, that belongs to the ward. *Short* v. *Mathis*, 107 *Ga.* 807 (33 S. E. 694) ; *Beavers* v. *Brewster*, 62 *Ga.* 574, 578; 20 C. J. 1130, and cit. In *Short* v. *Mathis*, supra, Fish, J., delivering the opinion of the court, said : "There can be no question about the correctness of the proposition laid down in the first headnote. When one is appointed guardian of the property of a minor, it of course becomes his duty to take possession of all the property which reasonable diligence would require him to ascertain as belonging to his ward, care for it, preserve it, and, on final settlement with the ward, account for the corpus of it as well as for the income. If he has knowledge of property owned by the ward within the jurisdiction of the State, and, instead of protecting the interests of the minor therein, suffers another to seize possession of it and appropriate it, taking no steps to prevent such trespass, but, on the contrary, colluding with the trespasser in his wrongful acts, he is of course liable for any loss the minor thereby sustains, and if both the corpus and the income of such estate are thus lost to the minor, the guardian is responsible not only for the income, but for the value of the property itself." In 28 C. J. 1132, we find the following language : "The usual requirement of prudence and diligence applies to the conduct of a guardian with respect to collection of the assets of his ward, where he is guilty of negligence he is liable for the amount of assets lost thereby, which might have been collected had he been diligent;" citing *Short* v. *Mathis*, supra; Pierce *v.* Prescott, 128 Mass. 140; Taylor *v.* Hite, 61 Mo. 142; Odell *v.* Young, 16 S. C. Eq. 155; Stewart *v.* McMurray, 82 Ala. 269 (3 So. 47). In *Speer* v. *Tinsley*, 55 *Ga.* 89, it was held by the Supreme Court that where a guardian was appointed for a ward and such ward was due money from an estate then being administered, if the administrator refused to turn over the money to him it was his duty to cite him for an accounting. Surely the defendant in this case can not take advantage of his own misconduct

in not paying to himself, as guardian, the money that he had of the ward's as an individual. "At common law the guardian is required to take possession of his ward's property, and is therefore liable not only for what actually comes into his hands, but for such property as he might have taken possession of by the exercise of diligence, and without any wilful default on his part. . . The guardian should charge himself for all the estate of the ward that came to his hands at any time, whether inventoried or not, in so far as he has not already accounted for the same; and is liable for all estate of his ward, that he might have collected or reduced to possession by the exercise of proper diligence and prudence." Woerner's American Law of Guardianship, 180, 345.

■ The defendant in this case occupied the position of debtor to the ward's estate, and, having qualified himself to become guardian, thereby prevented anyone else from protecting the estate, and, not being able to sue himself, he would be considered in legal contemplation as having paid the debt to himself and to hold the money as long as his representative character continues, for the payment of which to the ward he is liable. Sargent v. Wallis, 67 Tex. 483, 3 S. W. 721; O'Neal v. Herbert, 13 S. C. Eq. 30. The judge of the superior court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*