23721.   BENTON *v.* ROBERTS.

DECIDED SEPTEMBER 29, 1934.

*W. H. Key, Smith & Smith,* for plaintiff in error.
*A. S. Thurman, Jones, Johnston, Russell & Sparks,* contra.

STEPHENS, J.   This is the third appearance of this case in this court. *Benton* v. *Roberts,* 35 *Ga. App.* 749, 41 *Ga. App.* 189 (supra). The nature of the case and the issues involved can be ascertained by reference to those decisions.

Mrs. Irene Roberts instituted suit against L. O. Benton, and alleged in her petition that, at his solicitation and importunity, she entrusted to him $5000 which he was to lend for her to good and solvent persons, upon good and solvent security, and to collect and faithfully account to her therefor, that he lent the money to insolvent persons without taking good security, to her loss and damage. The defendant, in his plea, denied this, and pleaded the statute of frauds and the statute of limitations. Each of the

former trials resulted in verdicts and judgments for the plaintiff. Before the last trial the case was referred to an auditor who, after hearing evidence, made a report of his findings both of law and fact. The defendant filed objections to the auditor's findings. Upon the trial the evidence on the hearing before the auditor and also the evidence at the former trial was introduced. The evidence is practically the same as reported in 41 *Ga. App.* 189. The defendant offered an amendment to his plea which set up the statute of limitations. This amendment the court disallowed.

Among the findings of the auditor, to which exceptions were taken, and which are material here, was, a finding that the defendant became the agent of the plaintiff to lend her money to good and solvent persons upon good and solvent security and to collect the loans so made, a finding that the defendant was not a voluntary agent and owed to the plaintiff the duty to exercise ordinary care about the "business entrusted to him," a finding against the plea of the statute of limitations, a finding that, in the language of the auditor's report, "when the plaintiff has shown the loss of the loan made by the defendant as her agent the burden is cast on the defendant to show that he exercised ordinary care to make the loan to good and solvent persons and on good and solvent security, and to collect the loans so made," a finding that "the defendant has failed to show that he exercised ordinary care in the making and collection of the loan," and a finding that the defendant was indebted to the plaintiff in the sum of $6250 as damages.

The defendant filed exceptions to the auditor's findings both as to law and as to facts. The court overruled the exceptions to the auditor's findings of law, and the case went to the jury on exceptions to the auditor's findings of fact. The jury brought in a verdict against all the exceptions, and in favor of the auditor's report. Judgment was entered for the plaintiff in the amount found by the auditor.

The defendant filed a motion for a new trial, which was overruled. The defendant, by a bill of exceptions in this court, excepts to the judgment overruling the motion for a new trial, to the judgment striking the plea of the statute of frauds, and to the judgment overruling the exceptions to the auditor's findings of law. The court directed the jury to find against the exceptions

to the finding of the auditor against the plea of the statute of limitations, and to the finding that when the plaintiff has shown loss of the loan by the defendant as her agent, the burden was cast on the defendant to show that he exercised ordinary care to make the loan to good and solvent persons on good and solvent security and to collect the loans so made. Exceptions to these rulings are before this court, both on exceptions to the judgment overruling exceptions to them as rulings of law, and on exceptions to the overruling of the defendant's motion for a new trial.

The defendant, in the amendment to the motion for a new trial, excepts to the charge of the court, which was substantially in the language of section 3576 of the Civil Code of 1910, as follows: "The agent must act within the authority granted to him reasonably interpreted. If he exceeds or violates his instructions he does it at his own risk, the principal having the privilege of affirming or dissenting as his or her interest may dictate." "Now that you may clearly understand that, I will read it again." The court here repeated the charge. This charge was excepted to upon the ground that it was error in that it was calculated to convey to the jury the impression that if the defendant as agent for the plaintiff failed to carry out her instructions to lend the money to solvent persons and on good security, he would be liable notwithstanding he may in the execution of the powers of his agency have exercised ordinary care and diligence. This was also excepted to as being error because the judge emphasized the erroneous charge by repeating it. The defendant also excepted to the charge of the court wherein the plaintiff's contentions were stated as follows: "She contends that her instructions to him were that he was only to lend it to good and solvent persons, with good and solvent security, and she contends that a part and parcel of the contract was that the defendant agreed to that and also agreed to collect it, and she contends that this $5,000 was loaned to Kinard and Carmichael on October 16, 1920, and that they gave a note due the 22d day of January in the year 1921, and she contends at that time, that is, on October 16, 1920, Kinard and Carmichael were not good and solvent at the time they borrowed that money, and she further contends that the collateral that was turned over by Kinard and Carmichael to Mr. L. O. Benton on October 16, 1920, was not good and solvent security, and she contends on that ac-

count that Mr. Benton did not comply with his obligations and that she lost and therefore that she was not able to collect that money, and that Mr. Benton had damaged her in the sum of money set out in the pleadings in this case." This charge was excepted to upon the ground that it instructed the jury that the defendant would be liable to the plaintiff if he failed to comply with his obligation to obtain good and solvent security for the loan, or if he did not collect the loan, notwithstanding he may not have been negligent in the discharge of his duties.

The defendant contends that since the only duty resting upon him as respects the agency, as claimed by the plaintiff, to lend her money on good and solvent security, etc., and to collect it was to exercise ordinary diligence, it was error prejudicial to him for the court to instruct the jury that the defendant violated his duty to the plaintiff and was liable to her in damages if he in lending her money failed to lend it to good and solvent persons, or to obtain good and solvent security, irrespective of whether he was guilty of any negligence.

Both the excerpts from the charge excepted to contain instructions to the jury that the defendant would be liable to the plaintiff for any loss sustained by her by reason of her money being loaned to persons who were insolvent, or upon security that was not ample and good, although the defendant in handling the matter may not have been guilty of any negligence whatsoever. The true rule applicable, as was held by this court upon the former review of this case in 41 *Ga. App.* 189 (4), is that the defendant's liability is dependent upon whether he as "agent exercised or failed to exercise ordinary care about the business of his principal." See also 35 *Ga. App.* 749. The excerpts from the charge therefore contained erroneous instructions.

While the court did elsewhere in the charge instruct the jury that if the plaintiff entrusted to the defendant her money to be loaned by him only to persons who were good and solvent and upon good and solvent security, and he was so instructed by the plaintiff, "the law would require him to use ordinary care and diligence in loaning that money to good and solvent persons, with good and solvent security," the court nowhere instructed the jury that the defendant would not be liable for any loss to the plaintiff sustained by reason of his failing to loan the money to good and solvent

persons, or on good and solvent security, unless he was negligent or failed to exercise ordinary care in lending the money. A charge that the duty rested upon the defendant to exercise ordinary care and diligence in handling the plaintiff's money does not remove the vice contained in the excerpts from the charge excepted to that the defendant would be liable in damages to the plaintiff if she suffered loss by reason of his failure to carry out his instructions from her to lend the money to good and solvent persons with good and solvent security, irrespective of whether he may in the conduct of the matter have exercised due care and diligence. While the court did charge the jury that it was the contention of the defendant that he complied with the instructions of the plaintiff and had lent the money to good and solvent people, and that "ordinary care and diligence could not disclose the fact that they were not good and solvent, and he contends that he fully and faithfully complied with all obligations that he was under so far as lending this money," although the jury may have understood from this charge that the exercise of ordinary care by the defendant would have relieved the defendant from liability, the charge does not remove the vice inherent elsewhere in the excerpts from the charge excepted to that the court had in effect instructed the jury that the plaintiff could recover if the defendant had violated his instructions in lending the money to good and solvent people and on good and solvent security, notwithstanding he may in so doing have been in the exercise of ordinary care and was not guilty of negligence. "'The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly.' *Morrison* v. *Dickey,* 119 *Ga.* 698 (2) (46 S. E. 863)." *Western & Atlantic Railroad* v. *Bennett,* 47 *Ga. App.* 629, 631 (171 S. E. 187).

One of the findings of the auditor to which exceptions are taken in this bill of exceptions was that on proof by the plaintiff that she suffered a loss on account of the loans made by the defendant as her agent, "the burden is cast on the defendant to show that he exercised ordinary care to make the loan to good and solvent persons and on good and solvent security and to collect the loans so made." The judge instructed the jury that this was the law.

He therefore placed upon the defendant the burden of proving that he exercised the required degree of care and diligence in handling the plaintiff's business entrusted to him. Nowhere did he tell the jury that the burden was on the plaintiff to show that the defendant was negligent; but he did tell the jury that the presumption was in favor of the correctness of the auditor's findings and that the burden was upon the defendant to show by a preponderance of the evidence that the auditor committed error in such findings. It is provided in section 5746 of the Civil Code of 1910 that "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential." One of the elements essential to the plaintiff's right to recover is that the defendant failed to exercise ordinary care in the conduct of the business. The plaintiff necessarily carries the burden of establishing this essential element of her case. While in the case of railroads the law creates a presumption of negligence upon proof of injury by the operation of its trains, there is no statute which creates a presumption of negligence against an agent upon proof of his failure to comply with instructions from his principal to obtain a result where he is only required to exercise ordinary care. It has been universally held that in such case the burden of proof is upon the principal to establish negligence on the part of the agent. *Jenkins* v. *Stephens*, 60 *Ga.* 216. "The law does not presume negligence on the part of an agent. On the other hand, it presumes that the agent has done his duty, until the contrary appears, and the burden of proof is upon him who alleges a misfeasance, to establish it." 1 Mechem on Agency (2d ed.), 935, § 1286. "In the absence of anything to the contrary, he [an agent] will be presumed to have done his duty; in other words, negligence or misconduct will not be presumed in the absence of proof." 21 R. C. L. 825. The presumption of law is that an agent has done his duty until the contrary appears, as misconduct and negligence will not be presumed in the absence of proof." 2 C. J. 921, 922. Schreiber *v.* Heath, 103 App. Div. 364 (92 N. Y. S. 1043); Rand *v.* Johns (Tex. App.), 15 S. W. 200.

The court erred in not sustaining the exceptions to the auditor's findings, and in effect instructing the jury that where it appeared that the plaintiff had suffered a loss on the loan, the burden was

on the defendant to show he had exercised due care and diligence.

Since the defendant's plea already contained a plea of the statute of frauds, the court did not err in striking the amendment offered setting up the statute of frauds.

The case is otherwise controlled by the law as laid down in 35 *Ga. App.* 749, and 41 *Ga. App.* 189 (supra). The court erred in not sustaining the objection to the auditor's finding indicated, and in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., concurs in the judgment.*