### 24613.  BENTON *v.* ROBERTS.

DECIDED FEBRUARY 28, 1936. REHEARING DENIED MARCH 31, 1936.

*W. H. Key, Smith & Smith,* for plaintiff in error.

*A. S. Thurman, Jones, Johnston, Russell & Sparks,* contra.

MacINTYRE, J. This is the fourth appearance of this case in this court. When it was first here (*Benton* v. *Roberts,* 35 *Ga. App.* 749, 134 S. E. 846), it was held that the petition did not appear upon its face to be barred by the statute of limitations. It was also held: "Where the instructions to an agent are general and he is expected to merely obtain a result, he is only required to act according to his best judgment to that end, within the rule of ordinary care. An instruction to lend only to good and solvent persons and upon good and ample security is a general instruction as to the character of the persons and of the security, but is a specific instruction not to lend to any person without security. An agreement to collect is also general in nature; and where, in a case like the present, the agent exercises proper care in lending to persons who are good and solvent, and also in taking ample and sufficient security, and thereafter uses ordinary diligence in making collection, he discharges the duties assumed by him, and should not be held liable, although the plaintiff may suffer loss. Lending without security would be a clear violation of the instructions, and would render the agent liable for any resulting loss sustained by his principal." And when it appeared the second time (41 *Ga. App.* 189, 152 S. E. 141), it was in effect held that the evidence did not warrant a finding that the statute of limitations applied, and it was therein stated by this court "we are merely suggesting to the [trial] court that if the same facts should be developed upon the next trial, there would be no issue as to the applicability of the

statute of limitations for submission to the jury, even though there exists in the record a plea invoking the statute." It was further held, that, as to general instructions from the principal to the agent, it was error to charge the jury absolutely that the violation of such instructions with resulting damage would render the agent liable, for as to these matters the liability would depend on whether the agent exercised or failed to exercise ordinary care about the business of his principal. And it was still further held that the evidence authorized the verdict. When the case appeared the third time (49 *Ga. App.* 760, 176 S. E. 804), this court said: "Before the last trial the case was referred to an auditor, who, after hearing evidence, made a report of his findings both of law and fact. The defendant filed objections to the auditor's findings. Upon the trial the evidence on the hearing before the auditor and also the evidence at the former trial was introduced. The evidence is practically the same as reported in the 41 *Ga. App.* 189." This court further said: "The duty resting upon the agent in this case, as shown by the evidence, was to exercise due care in carrying out the principal's instructions. The charge of the court which instructed the jury that the agent would be liable if he failed to carry out the instructions, was error in that it failed to instruct the jury that the agent would not be liable unless he failed to exercise ordinary care. There is no presumption of negligence against the agent, upon proof that he failed to carry out the instructions of the principal, where the duty resting upon the agent is only to exercise ordinary care about the business for the principal with which he is entrusted. In a suit by the principal against the agent the burden is upon the principal to establish the agent's negligence." The case was returned to the lower court for the fourth time, to be tried on the principles of law which had been established by this court in the three prior decisions.

When the case came on to be last tried before the lower court there were exceptions to the auditor's report by the defendant (now the plaintiff in error), but there were none by the plaintiff (now the defendant in error). The report of the auditor was in favor of the defendant in error. The plaintiff in error moved for a directed verdict and judgment in his behalf. While the motion was before the court, the defendant in error stated to the court that she thought the case should be recommitted to an auditor; that she

could not move the court to do so, because the time for such motion had expired; but that the court could do so on its own motion. The court on its own motion, and over the objection of the plaintiff in error, recommitted the case to the auditor for the purpose of clarifying the auditor's finding in paragraph 8 of his report, which was as follows: "I find there is not sufficient evidence to determine whether Kinard and Carmichael were solvent or insolvent on October 16, 1920," and for the purpose of reciting his findings whether or not the delay in collecting, which the auditor found to exist, was negligence on the part of the plaintiff in error. The court thereupon overruled the motion to direct a verdict, and entered its order recommitting the case to the auditor for the purposes specified; and the case was again brought to this court for the fourth time, assigning error on the refusal of the judge to direct a verdict and enter up a judgment, the plaintiff in error contending that the defendant in error had failed to produce the evidence necessary to establish the facts entitling her to recover; that the defendant in error failed to get the auditor to find facts essential to a judgment in her favor; that the facts reported by the auditor did entitle her to recover according to the erroneous theories of law found and reported by the auditor, but they did not entitle her to recover according to the true law as found and declared by this court on a review of those findings of the auditor and the judge of the court below.

Irrespective of what counsel, the auditor, or the judge thought the effect of the auditor's report was, their opinion is not binding on this court; and since this court on a former appearance of this case (41 *Ga. App.* 189, supra), said that the evidence would authorize a verdict for the plaintiff, and since upon a subsequent appearance of this case (49 *Ga. App.* 760, supra), the court said that the evidence was practically the same as reported in 41 *Ga. App.* 189, and since the auditor's report now under consideration recites in effect that there is attached to this report a brief of the oral evidence and of the documentary evidence adduced on the trial of the case, which was reviewed by this court in 41 *Ga. App.* 760, supra, we think there was sufficient evidence to authorize a verdict in favor of the plaintiff. We are therefore of the opinion that the judge did not err in refusing to direct a verdict and enter judgment in favor of the defendant. We do not mean to say that the jury

should find a verdict in favor of the plaintiff, but merely that they would be authorized so to find. In other words, we do not express any opinion as to what the verdict should be in this case. Paragraph 8 of the finding of the auditor being, "I find that there is not sufficient evidence to determine whether Kinard and Carmichael were solvent or insolvent on October 16th, 1920," the judge, in his order recommitting this matter to the auditor, stated: "I think this case ought to be recommitted to him and let him ascertain by the introduction of new evidence if it is necessary, and report whether Kinard and Carmichael were solvent or insolvent on October 16th, 1920, in order that a legal decision can be rendered by the court in conformity to the last decision of the Court of Appeals. . . The auditor is also required to amend paragraph 10 of his report and state his findings as to whether the defendant exercised ordinary care and diligence in collecting the collateral securities that were turned over by Kinard and Carmichael to secure said debt." While the case could have been properly submitted to the jury on correct instructions by the court, we think the judge had a right, in his discretion and on his own motion, to recommit the matter as to the solvency or insolvency of Kinard and Carmichael, and have the auditor make a definite and certain finding of the material fact as to whether or not these parties were insolvent. The judge also had a right, under this state of the record, to instruct the auditor to amend paragraph 10 of his report, and to state his findings as to whether the defendant exercised ordinary care and diligence in the collection of the collateral securities that were turned over by Kinard and Carmichael to secure the said debt. "An auditor performs substantially the same functions which a master in chancery did under the old English practice. He is but an assistant of the court. His office is to present to the court, in intelligent form, the various contentions about which the parties are at issue, so that the court may finally determine the rights of the parties. His report is not a finality; it settles no rights until it has the sanction and approval of the court. When the court directs its assistant to hear evidence, and report his findings of law and fact within a certain time, it is his duty to obey the court's mandate. . . While the case was temporarily with the auditor, it was still within the jurisdiction of the court, and the auditor's action was not independent of the court,

but by virtue of the court's power to invoke the assistance of its officer in the analysis and presentation of the real issues in the case." *Hale* v. *Owensby*, 133 *Ga.* 633, 634 (66 S. E. 781). It is contended by the plaintiff in error that the auditor found that there was not sufficient evidence for him to determine the solvency or insolvency of Kinard and Carmichael, and therefore that the plaintiff's case must fall, because the plaintiff had not carried the burden of proving insolvency. And, that the case could not be recommitted to the auditor because the defendant in error had not filed his exceptions to the auditor's report within the time required by law. We can not agree with this contention. The court had the power to invoke the assistance of the auditor (one of its officers) in the analysis and presentation of one of the real issues in the case. The court desired, and we think was entitled to, a definite and certain finding or decision by the auditor as to whether or not Kinard and Carmichael were insolvent on the named date. In *Littleton* v. *Patton*, 112 *Ga.* 438, 443 (37 S. E. 755), the court used the following language: "If the report of the auditor is so vague, indefinite, and uncertain that no legal judgment can be rendered thereon, of course the judge on his own motion may recommit the report to the auditor at any stage of the case." We are of the opinion that when the auditor failed to find or decide whether or not the said parties were solvent or insolvent, this was a failure to report with sufficient fullness on one of the issues and the court could, in its discretion, on its own motion, rerefer the matter. " 'If the auditor failed to report with sufficient fullness on any issue, a motion for a rereference, not an exception to the report, was the proper remedy.' " *Smith* v. *Smith*, 135 *Ga.* 582 (69 S. E. 1110). See also *Sanford* v. *Tanner*, 114 *Ga.* 1005 (4), 1015 (41 S. E. 668) ; *Weldon* v. *Hudson*, 120 *Ga.* 699 (48 S. E. 130) ; *Fricker* v. *Americus Manufacturing & Improvement Co.*, 124 *Ga.* 165 (7), 172 (52 S. E. 65) ; *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830 (3), 835 (51 S. E. 666) ; *Jones* v. *Nolan*, 120 *Ga.* 588 (48 S. E. 166). If we should concede that the rereference was error, it was harmless, as the auditor's report, with all the evidence adduced on the trial of the case attached thereto by consent, would have authorized a proper judgment on the auditor's finding.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. As pointed out in the motion for rehearing, this court inadvertently stated in its opinion that "the plaintiff in error moved for a directed verdict and judgment in his behalf," whereas the motion made by the plaintiff in error, and overruled by the court, was as follows: "The defendant in the above-stated case respectfully moves the court to order a verdict and enter a judgment for the defendant in said case: (1) Because the plaintiff has not established and caused to be reported by the auditor sufficient facts and law to entitle her to a verdict and judgment under the law, in view of the auditor's report as corrected by the judgment of the Court of Appeals, which has been made the judgment of this court. (2) Because, under the report of the auditor as corrected as aforesaid, any claim that plaintiff may have had against defendant was barred by the statute of limitations at the time this suit was filed." We regret this error in our statement of the facts, but we do not think it requires a rehearing, as we are of the opinion that under the peculiar facts of the case the court did not err in overruling the above-stated motion of the plaintiff in error, which, as stated in the motion for rehearing, is the only judgment on which error is assigned in the bill of exceptions.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*