29124.　HENSON *v.* JONES, guardian.

DECIDED OCTOBER 4, 1941.

*H. W. McLarty,* for plaintiff in error.
*I. F. Parrigin, Vaux Owen,* contra.

SUTTON, J.　A. L. Henson, after his resignation as guardian of one Henry Hurt, filed his final return with the court of ordinary. E. J. Jones, the successor guardian, filed a caveat to the return to which Henson filed an answer and also demurrers which were overruled by the court of ordinary. The court then sustained the caveat and disallowed the return, and Henson took the case by certiorari to the superior court, assigning error on the judgment overruling the demurrers and the judgment sustaining the caveat and disallowing the return. The superior court overruled the certiorari and the plaintiff excepted.

1. The first objection of the caveat was to the effect that Henson as guardian had not accounted for $550 which he had received as the property of the ward before his appointment as guardian. Henson demurred thereto on the ground that the allegations showed on their face that the court of ordinary had no jurisdiction in respect to the determination of his alleged liability to the ward for the $550, and that to recover the same a suit would have to be brought against him in his individual capacity in a court of competent jurisdiction. This ground of demurrer is without merit because, as ruled in *Ray* v. *Andrews*, 46 *Ga. App.* 676 (2) (168 S. E. 906), "A guardian who before his qualification as such occupies the relation of debtor to his ward will, upon the appointment, be presumed to have paid such debt to the estate of the ward, and upon an accounting to the ward will be held liable for an illegal investment of such fund after his qualification." Ground 2 of the caveat alleged that having received the $550 on July 2, 1936, belonging to the ward, and having failed to report the receipt to the court of ordinary or otherwise account for same or show that the said sum was invested as required by law, Henson was chargeable with interest thereon at seven per cent. per annum from the date of its receipt to the date of the approval of his final return as guardian of Hurt, and that this interest should be charged against him in the final accounting. To this charge Henson demurred on the same ground as to ground one, and the objection is without merit for the reasons above given. Grounds three and four of the caveat objected to the allowance of certain items for which Henson sought credit in his final return. These allegations were demurred to on the ground that no facts were pleaded showing why the items should not be held to be proper charges against the estate of the ward. The caveator then amended by alleging that no vouchers were filed with the return to support such items. It is indispensable to the allowance of an item in a return that it be supported by a proper voucher, and it is the duty of the ordinary, especially upon the final accounting, "with a view to granting the guardian a discharge, to ascertain, before doing so, that all the duties of the trust have been fully performed, and that this essential fact must be made to appear by a careful scrutiny and examination by him of the various items thereof and the vouchers sustaining them." *Poullain* v. *Poullain*, 76 *Ga.* 420, 447. It is clear that the grounds of the demurrer are without merit.

Henson also demurred generally to the caveat as setting forth no cause of action. In addition to the objections of the caveat above mentioned, another item of the return was objected to as being an illegal charge and being unsupported by proper voucher, and by an amendment caveator sought to charge Henson with amounts of $35 and $25 for reasons stated. These grounds showed proper charges against him, if the allegations were proved, and from what is said above with respect to the other objections it is clear that the court did not err in overruling the general ground of the demurrer.

2. In the petition for certiorari error is assigned on the judgment of the court of ordinary in sustaining the caveat and disallowing the final return, on the ground, among others, that it was entered without any evidence whatever being introduced in support of the objections. In the answer of the ordinary it was recited that "no oral evidence was submitted to the court, and the only documentary evidence submitted was the final return of A. L. Henson, as guardian, together with its vouchers." The original caveat objected to certain items in the final return and sought to charge Henson with $550 for reasons hereinbefore shown. By amendment the successor guardian sought to recover from Henson additional amounts of $35 and $25 for stated reasons. The answer of the ordinary must be taken as conclusive on the question of what evidence was introduced. So taken it shows that in rendering judgment the only evidence before the court was the final return of Henson. The record not showing a copy of the final return, it can not be determined whether or not the items objected to by the original caveat were all of the items of expenditure or sums for which Henson claimed credit, but it is inferable from the answer of the ordinary that there were some items with proper vouchers. The objections by the successor guardian to the final return amounted to a citation for settlement. *Jones* v. *Nolan*, 120 *Ga.* 588 (2) (48 S. E. 166). It was the duty of the ordinary "to examine all the returns and accounts of such guardian; to hear all the evidence which may be produced by either party; and to make a full, fair, and final settlement between such guardian and his ward, making a full record of such final settlement." Code, § 49-303. The judgment which was rendered by the ordinary not only sustained the grounds of the caveat as to certain items in the final return, which by inspection by the ordinary could have been

found not to be supported by vouchers, but disallowed the return in its entirety, and also had the effect of adjudicating that Henson was indebted to the estate of the ward in the respective amounts of $35, $25, and $550, with interest. In the absence of a copy of the final return no question was presented to the superior court, or is presented to this court, as to whether or not the final return was properly disallowed upon the hearing of the caveat, and in so far as the judgment of the superior court in overruling and denying the certiorari in respect to the disallowance of the final return is concerned it can not be said that any error is shown. The assignment of error on the judgment in sustaining the caveat in its entirety is, however, meritorious for reasons now to be shown, and the superior court erred in overruling and denying the certiorari to that extent. The overruling of the demurrer to the ground of the caveat that Henson was due to account for $550 which it was alleged he had received as the property of the ward before his appointment as guardian did not of itself authorize the court to find that he was indebted in this amount. It merely adjudicated that the caveator had set up facts which if proved would render Henson liable to the ward's estate in that amount. But by the answer of the ordinary it is conclusively established that no evidence was introduced in support of this contention or in support of the allegations in the amendment to the caveat that Henson was due the estate the sums of $35 and $25. The burden was upon the caveator to prove the allegations made, and, no evidence whatsoever having been introduced, the court of ordinary erred in sustaining the caveat with respect to these charges against Henson. It follows that the superior court erred in unconditionally overruling the certiorari.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*