## THE ROBINSON MACHINE WORKS v. VORSE.

1. **Principal and Agent:** NEGLIGENCE OF AGENT. V., a dealer in machinery, ordered a machine from plaintiffs for a customer, and the order was accepted on condition that none but "undoubted paper" should be taken in payment. The machine was shipped, and he was directed to take property statements from the makers of the notes taken in payment, which he did, but exercised no further diligence to ascertain their truth or the solvency of the parties. The statements were in fact false and fraudulent and the paper worthless: *Held*, that the estate of V. was liable for the loss.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 25.

THE plaintiff filed a claim in the Circuit Court of Polk county, sitting as a court of probate, against the estate of N. T. Vorse, deceased, of which defendant is executor. The claim was allowed and defendant appeals. The facts of the case appear in the opinion.

*St. John & Williams*, for appellants.

*Phillips, Goode & Phillips* and *White & Woodin*, for appellee.

BECK, CH. J.—I. The claim filed by plaintiff in the probate court sets out at great length and with much particularity the grounds upon which it asks the allowance of the demand against the estate. Briefly stated the grounds of recovery are these. The plaintiff was engaged at Richmond, Indiana, in

the manufacture of threshing machines and engines, with other machinery used therewith. The defendant's testate was engaged in selling such machinery in Des Moines, and ordered a threshing machine, engine and other machinery for a customer; the order was made and accepted, on condition that payment for the machinery should be secured by paper "unquestionably good." The machinery was shipped to N. T. Vorse, defendant's testate, who sold and delivered it to Z. Moore and John Graham, and accepted their notes, which were not unquestionably good, the makers being notoriously insolvent. The notes have not been paid and are not collectible. Plaintiff claims that N. T. Vorse was negligent in failing to take properly secured paper, and his estate is, therefore, liable in this proceeding.

II. The evidence, we think, establishes the following facts: Vorse ordered the machinery for his customers, and plaintiff had no knowledge of their responsibility, and did not even know their names or place of residence. The order was accepted on condition that the customers should give "undoubted paper." The machinery was shipped to Vorse, who was directed by plaintiff to have property statements made by the parties when executing the papers. The notes were executed after the receipt of the machinery. The makers were insolvent and the paper worthless. The property statements were false and fraudulent. These notes were sent to plaintiff, who subsequently instituted suit and recovered judgment upon them, and executions were returned *nulla bona.* Vorse exercised no diligence to ascertain the solvency of the purchasers, or the correctness of the property statements made by them. Vorse ordered the shipment of the machinery by telegraph, and on the same day sent a written order signed by Moore and Graham, which was not received until after shipment of the machinery.

Vorse was undoubtedly the agent of plaintiff for the sale of machinery and the receipt of the notes given therefor. He was authorized to accept no other than "undoubted paper." Through negligence he accepted worthless paper. He surely became liable for this negligence whereby plaintiff lost its debt. We can see no escape from this conclusion.

The instructions requiring Vorse to take property statements did not relieve him from the duty to perform the condition upon which the order was accepted, namely, to take "undoubted paper."

III. But defendant insists that under a custom of the trade credit for machinery of this kind was given upon satisfactory property statements made by purchasers. The sufficient answer to this position is, if we admit that such a custom is established by the evidence, that it cannot be set up against the contract of the parties. The order was accepted on the condition the notes should be undoubted. No custom would relieve Vorse from accepting paper not of that character.

IV. It is insisted that plaintiff was negligent in directing Vorse to take property statements, as a means of ascertaining the financial condition of the makers of the notes. We do not understand that plaintiffs directed Vorse to rely upon the property statement in determining the solvency of the purchasers of the property. Undoubted paper was to be taken and property statements required also. It cannot be said that the character of the paper was to be determined by the property statement.

V. Defendant insists that plaintiff ratified the sale to Moore and Graham, and cannot, therefore, recover against the agent. The proposition of fact may be admitted but the conclusion does not follow. Vorse was to sell the machinery and take undoubted paper. The plaintiff may have ratified the sale without relieving Vorse of his obligation to take good paper. We discover nothing to warrant the conclusion that plaintiff ever released, or intended to release, Vorse of his obligation to accept no other than "undoubted paper."

VI. The order of the court below directs that when the claim is paid plaintiff shall transfer to defendant the judgment recovered upon the notes. We discover no objection to the order. It appears that the judgment is utterly worthless. The amount of recovery could not, therefore, be affected by it. If

the judgment ever becomes of value, it is but just that defendant should have the benefit thereof.

The judgment of the Circuit Court is, in our opinion, correct. It is, therefore,

AFFIRMED.