## PRICE E. MORRIS v. E. R. BRADLEY.

(128 N. W. 118.)

**Principal and Agent — Breach of Contract by Agent — Sufficiency of the Evidence.**

1. In an action by a principal against his agent to recover damages for a breach of such agent's duty in failing to exercise due care in procuring "fair" security for the purchase price of personal property sold by him pursuant to the agency contract, *held*, that plaintiff's evidence relative to defendant's negligent performance of duty was amply sufficient to require its submission to the jury. Such evidence not only showed negligence, but bad faith on defendant's part. It was therefore error to direct a verdict in defendant's favor.

**Principal and Agent — Duty of Agent.**

2. An agent owes to his principal the exercise of good faith and fair dealing in the performance of his duties, and when he is authorized to sell his principal's property on time, and to take "fair" securities for the purchase price, a failure to exercise reasonable diligence in so doing renders him liable to his principal for the resulting loss.

**Sufficiency of Evidence — Submission to Jury.**

3. Evidence examined and *held*, that the proof submitted by plaintiff upon the questions of the worthlessness of the security and the resulting loss sustained by him was sufficient, prima facie, to require its submission to the jury.

Opinion filed September 21, 1910.

---

Note.—Agent's liability to principal for disregard of orders or for negligence, see note in 7 L. ed. U. S. 606.

Appeal from District Court, Barnes county; *Edward T. Burke,* J.
From a judgment in defendant's favor, plaintiff appeals.
Reversed and new trial ordered.
*T. F. McCue,* for appellant.
*Page & Englert,* for respondent.

FISK, J. Plaintiff seeks to recover damages from the defendant
for alleged misconduct in the performance of his duties as plaintiff's
agent in the sale of a certain second-hand threshing rig. The com-
plaint is very lengthy and inartistically drawn, but in brief it alleges
that on August 23, 1901, plaintiff, being the owner of such rig, en-
tered into a contract with defendant by the terms of which the latter
was authorized to sell said second-hand outfit and to receive as his com-
mission therefor all he could get above $1,000. It was stipulated that
the security to be taken for the purchase price was to be "fair." It
is alleged that on or about September 11th of said year, defendant
represented to plaintiff that he had sold said property to perfectly re-
sponsible parties for the sum of $1,400, but that certain repairs would
have to be made thereto before such purchasers would accept the same.
Then follow allegations with reference to an alleged mutual modifi-
cation of the agency contract relating to the amount of defendant's
commission, in consideration of which plaintiff expended certain
moneys in making the necessary repairs, and that as a further induce-
ment for making such repairs it is alleged that defendant represented
to plaintiff that the proposed purchasers were financially responsible
and that the promissory notes and securities to be taken representing
the purchase price would be bankable paper. It is next alleged that
defendant took said rig to Kenmare and delivered the same to
one D. P. Show and one Jessie Show, taking from them three notes
payable to defendant aggregating $400, and three notes payable to
plaintiff aggregating $1,000, signed by said D. P. and Jessie Show.
Also at the same time he took as security for the payment of such notes
a chattel mortgage covering the threshing rig aforesaid and certain
other personal property running to defendant and also a similar chat-
tel mortgage in plaintiff's favor to secure the payment of the notes
aforesaid. That defendant caused the mortgage running to himself
to be first filed for record and thereafter sold and assigned the notes

and mortgages taken in his name to an innocent purchaser for value, payment of which notes was thereafter enforced through a sale of the personal property mortgaged.

It is further alleged that plaintiff was not acquainted with the Shows, and knew nothing of their financial responsibility, but that he relied wholly upon the representations and statements made by defendant that they were perfectly solvent and the notes bankable and that plaintiff was induced to and did accept the notes payable to his order because of such representations. That such representations were false; that said Shows were insolvent and wholly unable to pay said notes at said time or at any other time. That at the time plaintiff accepted said notes he had no knowledge that defendant had taken and filed the chattel mortgage constituting a prior lien upon said property. Then follows allegations of plaintiff's inability to collect the amount due on the notes thus accepted by him, or any part thereof, except the sum of $188.26. That defendant retained in his possession, for the purpose of collection, the said notes, and during the time he had such notes as aforesaid he collected the sum of $200, applying the same upon the alleged commission notes taken in his name. It is then alleged that defendant, in making the sale of the threshing rig aforesaid, acted in bad faith toward plaintiff, and falsely and fraudulently made the representation aforesaid with reference to the financial ability of the said Shows, and that he connived and acted in bad faith in obtaining a first mortgage upon the property for his own use and benefit, and in applying on the commission notes the $200 aforesaid. By reason of which facts plaintiff alleges that he has been damaged in the sum of $1,000, less the amount collected by him of $188.26.

The various allegations of the complaint were put in issue by defendant's answer, and at the trial plaintiff furnished proof in support of the allegations of the complaint, and rested; whereupon defendant moved for a directed verdict, which motion was granted. Thereafter a judgment was entered in defendant's favor upon such verdict, from which this appeal is prosecuted.

The only assignment of error which we need notice relates to the correctness of the court's ruling in directing the verdict. The ruling forming the basis of appellant's fifth assignment is in no way challenged by any specification in the settled statement, hence the same

cannot be noticed. The ruling challenged in the third assignment is rendered nonprejudicial, in view of the conclusion arrived at by us as to the disposition of this appeal. The other assignments are embraced within the matters covered by the first assignment.

We are agreed that appellant's contention under his first assignment must be sustained and a new trial ordered. The allegations of the complaint allege, and the proof tended to show, a gross violation of duty owing by defendant to plaintiff under the agency contract. It is difficult to conceive of a more flagrant breach of duty and bad faith on the part of an agent toward his principal, than that presented by this record, and it would, indeed, be strange if such conduct on the part of an agent would not subject him to liability to his principal. It is an elementary rule of law that the agent owes to his principal the exercise of the utmost good faith and fair dealing. As well stated in 2 Enc. L. & P. p. 1053, "The paramount and vital principle of all agencies is good faith, for without it the relation of principal and agent could not well exist. So sedulously is this principle guarded that all departures from it are esteemed frauds upon the confidence bestowed. An agent, therefore, will not be allowed to put himself in a position antagonistic to that of his principal, or to speculate in the subject on the agency." Leaving out of consideration the question of defendant's bad faith amounting to fraud, and conceding the correctness of respondent's contention that the original agency contract was not modified as claimed by appellant, still, we think it entirely clear that appellant established a case requiring its submission to a jury upon the ground of defendant's breach of duty in failing to exercise reasonable diligence in procuring "fair" security, as the terms of the agency contract required. Defendant owed the duty of exercising reasonable diligence in ascertaining the trustworthiness of the purchasers, and his failure to exercise such diligence renders him liable for the resulting loss. Frick & Co. v. Larned, 50 Kan. 776, 32 Pac. 383; The Robinson Mach. Works v. Vorse, 52 Iowa, 207, 2 N. W. 1108. Respondent contends that the ruling complained of was correct for the following reasons:

1st. That the complaint does not state facts sufficient to constitute a cause of action based upon false representations made by the defend-

ant in inducing the plaintiff to accept certain notes secured by mortgage, and for damage occasioned thereby.

2d. The plaintiff failed to establish an executed oral agreement modifying or supplanting the original agency contract.

3d. The plaintiff failed to establish fraud; and,

4th. He failed to establish any damages.

There is no merit to any of these contentions. In the first place the fact, if conceded, that the complaint fails to state facts sufficient to constitute a cause of action, affords no basis for defendant's motion to direct a verdict. Furthermore, if it be conceded that the complaint insufficiently alleges a cause of action for false representations, it unquestionably is sufficient under which a recovery may be had for a breach of the agency contract, and the facts presented also justify a recovery upon the theory of an action on the case at common law. Cairnes v. Bleecker, 12 Johns. 300.

Respondent's second reason urged in support of the ruling need not be considered, as we shall dispose of the case upon the theory that the original agency contract is controlling. Regarding his third reason, all that need be said is that plaintiff is not required to establish fraud in order to make out his cause of action, as we have heretofore stated. By this we do not mean to intimate that plaintiff has not made out a complete case entitling him to recover for fraud and wilfully false representations, but we deem it a waste of time to discuss this feature of the case.

Respondent's next and last reason urged in support of the ruling is the alleged failure of plaintiff to establish any damages. It is said that he failed to prove the value of the securities described in the mortgage. Such contention is wholly devoid of merit. Plaintiff established the fact of the utter insolvency of the Shows, and the worthlessness of the securities, and we think the proof was amply sufficient, in the absence of evidence to the contrary, to entitle him to recover the amount demanded in the complaint.

The judgment of the District Court is reversed and a new trial ordered.

All concur, except ELLSWORTH, J., who, being disqualified, took no part in the decision.