## PRICE E. MORRIS v. E. R. BRADLEY.

### (144 N. W. 711.)

**Assignments of error — rulings and admission of evidence — specifications of error — statement of case.**

1. Assignments of error relating to rulings in the admission and exclusion of testimony cannot be considered where they are not predicated upon specifications of error as settled by the trial court in the statement of case.

**Assignments of error — must conform to rules — disregarded if they do not.**

2. Appellant's assignments of error do not conform to rule 14 (old rules), in that they do not "refer to the page of the abstract where the particular specification of error is found, and also to the page or pages of the abstract in which the matter is found upon which the error is assigned;" hence, appellant's assignments numbered 1 to 4 inclusive, which not only offend against this rule, but are not predicated upon any specifications of error, are disregarded.

**Objection to evidence — assignments of error — merit.**

3. Assignment number 5, which is based upon the ruling sustaining an objection to the introduction of exhibit "A," considered and *held*, for reasons stated in the opinion, without merit.

Opinion filed December 13, 1913.

Appeal from District Court, Barnes County, *J. A. Coffey,* J.

From a judgment in plaintiff's favor, and from an order denying a motion for a new trial, defendant appeals.

Affirmed.

*Herman Winterer, D. S. Ritchie,* and *Page & Englert,* for appellant.

An executory oral agreement cannot change, modify, or vary the terms of a written contract. Rev. Codes 1905, § 5328; Mettel v. Gales, 12 S. D. 632, 82 N. W. 181; 11 Am. & Eng. Enc. Law, 582; Fletcher v. Peck, 6 Cranch, 87, 3 L. ed. 162.

Evidence of plaintiff, as to value of the property, incompetent and too remote. Minneapolis Threshing Mach. Co. v. McDonald, 10 N. D. 408, 87 N. W. 993; First Nat. Bank v. Coffin, 162 Mass. 180, 38 N. E. 444; Sanford v. Shepard, 14 Kan. 228; Kansas City N. & Ft. S. R. Co. v. Dawley, 50 Mo. App. 480; Burke v. Beveridge, 15 Minn. 205, Gil. 160.

Oral evidence to establish the contents of public records and documents improper, without first laying a proper foundation. Sykes v. Beck, 12 N. D. 242, 96 N. W. 884.

Mortgaged property may be transferred to mortgagee through bill of sale. Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747; Bangs v. Friezen, 46 Minn. 423, 32 N. W. 173; Lovejoy v. Merchants' State Bank, 5 N. D. 624, 67 N. W. 956.

*T. F. McCue,* for respondent.

An assignment of error must be sufficient to point out the error relied upon, and call the attention of the court and counsel to the same in a specific way. Hostetter v. Brooks Elevator Co. 4 N. D. 357, 61 N. W. 49; O'Brien v. Miller, 4 N. D. 309, 60 N. W. 841.

The alleged errors are assigned so generally that they do not comply with the rules of court, do not amount to assignments of error, and cannot be considered. Globe Invest. Co. v. Boyum, 3 N. D. 538, 58 N. W. 339; Henry v. Maher, 6 N. D. 413, 71 N. W. 127; Marck v.

Minneapolis, St. P. & S. Ste. M. R. Co. 15 N. D. 86, 105 N. W. 1106.

The court should not suspend such rule and explore the record to ascertain whether or not errors have been committed, only in very rare cases. Morris v. Bradley, 20 N. D. 646, 128 N. W. 118; Besides the judgment is right and it ought to be affirmed. Felker v. Grant, 10 S. D. 141, 72 N. W. 81.

The abstract on appeal should be a true, concise abridgment of the evidence, sufficient to admit of a clear understanding of the case. Fargo v. Palmer, 4 Dak. 232, 29 N. W. 463.

Fisk, J. This case was before this court on a former appeal. See Morris v. Bradley, 20 N. D. 646, 128 N. W. 118. The nature of the litigation and the essential facts are there fully disclosed, and it is unnecessary to restate them here. On the first trial a verdict was directed for the defendant, and on such former appeal we reversed this ruling and ordered a new trial, holding the proof amply sufficient, in the absence of evidence to the contrary, to entitle plaintiff to recover. The last trial resulted in a verdict and judgment in plaintiff's favor, and from such judgment, and from the order denying defendant's motion for a new trial, this appeal is prosecuted.

For reasons which we will briefly state, the judgment and order must be affirmed. Appellant's so-called assignment of errors does not conform in any respect to rule 14 of this court. Such assignment is as follows:

"1. The court erred in permitting the plaintiff to establish a subsequent oral agreement differing from the written one.

"2. The court erred in permitting the plaintiff to vary the terms of a written agreement, over the objection of the defendant.

"3. The court erred in the admission of evidence against the objection of the defendant.

"4. The court erred in rejecting evidence upon motion of the plaintiff.

"5. The court erred in sustaining the plaintiff's objection to the offer in evidence of exhibit 'A.' "

No reference whatever is made to the place in the abstract where the particular specification of error may be found, nor to the place

therein where the matter may be found upon which the error is assigned as required by such rule. Not only has appellant signally failed to substantially comply with such rule in this respect, but an examination of the specifications incorporated in the settled statement of case discloses that, with but one exception, none of such assignments of error have any support in, or are they based upon, the specifications. In other words, the so-called assignments do not relate to the errors thus specified. This being true, we are asked to reverse the lower court for alleged errors not urged before that court on the motion for a new trial, nor specified in the settled statement upon which the motion was made. Obviously, this cannot be done. Although the appeal is both from the judgment, and from the order denying the motion for a new trial, the making of such order is not assigned as error; but if it were, it would not avail appellant for the reason, as before stated, that the matters specified in the statement, and relied upon in the lower court, are not the alleged errors relied upon in this court, with one exception, and that is specification number 6. Hence, the only assignment requiring notice is the 5th, which is based upon the above specification and challenges the correctness of the ruling sustaining plaintiff's objection to the introduction in evidence of exhibit "A."

We have examined the entire evidence as contained in the printed abstract, and are satisfied that the ruling here complained of did not constitute prejudicial error, even if error at all. Exhibit "A" is a written document signed by J. E. and Daniel P. Show, reciting the fact that they were indebted to the plaintiff in the sum of $1,000 and interest, as shown by three promissory notes therein described; and also reciting the fact that they gave to the plaintiff a chattel mortgage on September 11, 1902, to secure the payment of said notes, giving in detail the personal property included in such mortgage. Thereafter such document contains the following recitals:

Whereas the first parties cannot pay said indebtedness and desire to close up the indebtedness as speedily and as easily as possible:

Now, therefore, it is hereby agreed that first parties shall, and they hereby do, waive the foreclosure of said mortgage, and agree to turn over to second party the property covered by said mortgage as above

stated, and agree that second party may sell and dispose of all the same in such manner as he may see fit, whether by regular foreclosure or by private sale, on time or for cash, and that the proceeds thereof, as fast as realized, less the cost and disbursements of sale and collection, shall be indorsed on said notes, and when said notes are fully paid the said mortgage shall be surrendered to said parties.

It is further agreed, that first party shall care for and protect said property for such time as he is stopping on the farm, and if he can sell any of the same, to notify second party, and if satisfactory to second party, to sell the same, the second party to release his lien when the money is paid to him, but no sale to be made to anyone till second party confirms such sale and receives the money, said sale to be for such price as second party may elect.

In witness whereof, the first parties have set their hands the day first above written.

D. P. Show.

J. E. Show.

. There is no evidence in the record showing or tending to show that any property was turned over to the plaintiff by the Shows pursuant to such instrument, nor that plaintiff ever realized a cent on his indebtedness thereunder. The plaintiff's testimony, on the contrary, tended to show that a great deal of the property covered in the chattel mortgage had died or was disposed of, and that the remainder was of very little value and was covered by prior encumbrances, and that the only amount he was ever able to collect from the Shows on such indebtedness was the sum of $188.26. The action being one to recover damages from the defendant for alleged misconduct in the performance of his duties as plaintiff's agent, it was, no doubt, proper for the defendant to prove any facts tending to mitigate such damages, but the introduction of exhibit "A" without further proof, or an offer to prove, that plaintiff received or might have received something of value thereunder, would be of no avail to the defendant, as showing such mitigation of damages.

It follows that the judgment and order appealed from should be affirmed, and it is so ordered.

BURKE, J., being disqualified, took no part in the decision.