### 8213.  LOVEJOY *v.* LAMAR.

1. On the issue as to whether instructions of the plaintiff were violated by the defendant, by lending $3,000 received by him as the plaintiff's agent, the equivalent of a finding that he did violate her instructions was made by the finding of the auditor that at the time this money came into the defendant's hands, he "knew that it was the wish and desire of his principal," the plaintiff, that "the said sum should be then and there paid over to" a named person in payment of her note held by that person, and that the defendant "loaned the said money as hereinbefore set forth and without the knowledge and consent of his principal." There was sufficient evidence to authorize this finding.

2. The motion to recommit the case to the auditor, in order that a specific finding might be made by him on the issue as to whether the plaintiff ratified the loan in question, should have been granted, although a finding on this issue might be inferred from his finding of an amount due the plaintiff by the defendant. The judgment is therefore reversed, with direction that the case be recommitted to the auditor in order that a specific finding may be made on this issue.

> DECIDED JULY 19, 1917.

Attachment; from Pulaski superior court—Judge Graham. June 12, 1916.

*W. L. Grice, H. E. Coates, Hall & Grice,* for plaintiff in error.
*H. F. Lawson,* contra.

JENKINS, J. 1. Viewing most favorably for the plaintiff the evidence in the case, with all reasonable inferences and deductions arising therefrom, we think it is possible to hold that the evidence was sufficient to authorize the finding of the auditor, and of the jury sustaining his finding, that "At the time the $3,000 aforesaid came into the hands of T. E. Lovejoy on July 11, 1901, he then and there knew that it was the wish and desire of his principal, Mrs. Cornelia Lamar, that the said sum should be then and there paid over to one T. H. Grace in full satisfaction and pay-

ment of the note then held by said T. H. Grace and signed by the said Mrs. Cornelia Lamar, and that he loaned the said money as hereinbefore set forth and without the knowledge and consent of his principal, said Mrs. Cornelia Lamar." This being true, it is our opinion that the finding is equivalent to sustaining the allegation, made in the plaintiff's petition, that the loan made by the agent was in violation of the instructions given him by the principal. Where the contention of the principal is, not that the agent exceeded the scope of his general authority, but that he violated specific instructions as to a particular matter, the burden is upon the principal to show that such instructions were given, and where this has been done the agent is charged with strict compliance with the instructions, no matter how broad his general powers as agent might otherwise have been. Where the agency is not coupled with an interest, the agent's authority to act for his principal, be it special and limited or broad and general, is based at last solely upon the consent of the principal. If, therefore, when the loan complained of was made, the general agent knew that he was acting therein contrary to the wish and desire of his principal as to that transaction, he proceeded without her consent, and therefore without her authority. While it could be possible for an agent to proceed contrary to the expressed judgment of his principal if, despite such an expression, his discretionary powers and authority with reference to the subject-matter remained, yet where the act of the agent is not only against the judgment, but against the known wish, and therefore necessarily expressed desire of the principal, such known wish and desire must be taken as equivalent to orders or instruction. *Gordon* v. *Cobb,* 4 *Ga. App.* 51 (60 S. E. 821).

2. Under the pleadings and the evidence, one of the issues involved was whether or not the principal had ratified the making of the loan about which she complained. Under the order of the judge all questions of law and of fact were submitted to the auditor. The finding of the auditor, "that at the time the $3,000 aforesaid came into the hands of T. E. Lovejoy on July 11, 1901, he then and there knew that it was the wish and desire of his principal," etc., seems to have excluded a finding upon the issue of fact relative to such ratification, although such a finding might be said to have been legally involved in the money judgment found for the plaintiff. We think the auditor should have made a specific finding on each

of the material issues litigated before him, including that of ratification by the principal; and, although a ruling upon this issue might be inferred from his report, by reason of his finding of an amount due plaintiff by defendant, we do not think this finding is sufficient where the defendant made a timely motion for a recommitment for this purpose. *Reynolds* v. *Martin,* 55 *Ga.* 629; *Weldon* v. *Hudson,* 120 *Ga.* 699 (48 S. E. 130). Upon the refusal of the judge to recommit, the defendant was limited, in his right to a trial by a jury, to exceptions taken to the finding of fact set forth in the first paragraph of this decision; and even though, upon a trial of the narrow issue thus made, the judge charged the jury upon the law of ratification, we think the presumption of law in favor of the auditor's finding, as there made, gave to the plaintiff an undue advantage relative to the issues of ratification, upon which no specific finding was returned. We therefore think the exceptions pendente lite to the refusal of the judge to recommit the case to the auditor, in order that he might enter his findings of fact upon the issue of ratification, are well taken; and all subsequent proceedings in the case are therefore nugatory. Direction is given that the case be recommitted to the auditor, in order that he may return a specific finding upon the issue of ratification, as made by the pleadings and evidence.

*Judgment reversed, with direction. Broyles, P. J., and Bloodworth, J., concur.*