## 10521. FIRST NATIONAL BANK OF WAYCROSS v. DICKERSON.

Where a bank receives for collection a draft for a definite amount of money, accompanied by a warranty deed and a letter of instructions authorizing the delivery of the deed to the drawee upon the payment of the draft, it is the duty of the bank, as the agent of the drawer, to. adhere faithfully to the instructions, unless modified by the drawer, and the delivery of the deed and draft upon the payment of a less amount than that called for in the draft, without further instructions and without the consent of the drawer, would make the bank liable to the drawer, and the damages would be the difference between the amount called for in the draft and the amount actually received and remitted by the bank.

DECIDED NOVEMBER 19, 1919.

Complaint; from city court of Waycross—Judge Summerall presiding. March 18, 1919.

Application for certiorari was denied by the Supreme Court.

*J. L. Sweat, Wilson & Bennett,* for plaintiff in error.

*Parker & Parker, W. T. Dickerson,* contra.

SMITH, J. W. T. Dickerson deposited with the Bank of Homerville a draft drawn on L. J. Cooper. Accompanying this draft was a warranty deed conveying a tract of land to said Cooper. and a letter of instructions notifying the bank to deliver the draft and deed to Cooper upon the payment of $16,660, the amount of the draft. This draft, with the deed and letter of instructions. was sent by the Bank of Homerville to the First National Bank of Waycross for collection. The latter bank, instead of collecting the

30

full amount of the draft, delivered to Cooper the draft and the deed, and received from him a much smaller sum, to wit, $13,294, which was in due course remitted to W. T. Dickerson, the drawer. In the trial of the case it was admitted that after the draft was sent for collection additional instructions were given that a credit of $1,700 should be allowed upon it, but the plaintiff insisted that the First National Bank of Waycross had failed to collect or remit $1,666, and that this was in violation of the instructions given. The defendant contended that it was not liable for this amount, because the sum deducted represented an indebtedness due to Cooper, the drawee, and that the bank had the right to deduct this amount in addition to the $1,700. This indebtedness of Cooper was set up in the 3d paragraph of the defendant's answer, and this paragraph was stricken by the court upon motion of counsel for plaintiff. This action of the trial judge was entirely correct as the defendant bank had no option in the matter other than strictly to carry out the instructions of the drawer, and these instructions made no mention whatever of any indebtedness existing between the drawer and the drawee. The plaintiff introduced documentary evidence showing the whole transaction. The defendant offered evidence to sustain the 3d paragraph of its anwser, which had been properly stricken by the court, and there was therefore no error in rejecting this evidence. The court directed a verdict for the plaintiff for $1,666, the full amount sued for.

In an action against a bank touching a draft received by it for collection, and for violating instructions in respect to the same, the law implies a contract on the part of the bank to obey instructions, and the omission of proper allegations as to such implied matters will not render the declaration fatally defective. *Central Georgia Bank* v. *Cleveland National Bank, 59 Ga.* 668 (3). In collecting the bank *must* use care and diligence. Moreover, if special instructions have been given, these *must be followed. Central Georgia Bank* v. *Cleveland National Bank,* supra. See also *Georgia National Bank* v. *Henderson, 46 Ga.* 488 (12 Am. R. 590); 5 Cyc. 504. "The primary obligation of an agent or factor, whose authority is limited by instructions, is to adhere faithfully to those instructions; for if he unnecessarily exceeds his commission, or risk his principal's effects without authority, he renders himself responsible to his principal for the consequences of his act; and if

loss ensue, it furnishes no defense to him, that he intended the benefit of his principal." *Hardeman* v. *Ford,* 12 *Ga.* 205. In the case of *Central Railway Co.* v. *Felton,* 110 *Ga.* 597, 600 (36 S. E. 93), the Supreme Court quotes with approval the following from 1 Am. & Eng. Enc. L. (2d ed.) 1062: "When the directions to an agent are clear and well defined, it is his duty to follow them faithfully, provided this may be lawfully done. . . Although the agent is, in the absence of instructions, bound to follow the established usage or mode of dealing, yet no custom or usage will authorize a departure from positive instructions; the instructions of the principal make the law by which the agent is to be governed."

Applying the above authorities to the facts of this case, the court did not err in overruling the demurrer to the plaintiff's petition, and in thereafter directing a verdict for the plaintiff for the full amount sued for.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*