### 11242.   LOVEJOY *v.* LAMAR.

1. In recommitting this case to the auditor, it was not error for the trial judge, instead of recommitting the case generally, to direct that the auditor, from the pleadings, the testimony already introduced, and the record in the case, amend his findings and show whether Mrs. Lamar ratified the loan of her funds to the Lovejoy Company by the defendant; this direction being in accord with a direction previously given by the Court of Appeals in this case (20 *Ga. App.* 499, 93 S. E. 153).

2. This court can not as a matter of law say that there is no evidence to support the verdict on the issue raised by the exceptions of fact to the finding of the auditor.

DECIDED JUNE 16, 1920.

Exceptions to auditor's report; from Pulaski superior court — Judge Graham.   December 8, 1919.

Application for certiorari was denied by the Supreme Court.

*H. E. Coates, W. L. Grice, Hall & Grice, C. J. Bloch,* for plaintiff in error.

*H. F. Lawson,* contra.

BLOODWORTH, J. 1. When this case was first before this court (20 *Ga. App.* 499, 93 S. E. 153) the judgment of the trial court was reversed and the case remanded with direction that "the case be recommitted to the auditor, in order that he may return a specific finding upon the issue of ratification, as made by the *pleadings and evidence.*" (Italics ours.)   After this ruling, and when the case was again reached in the superior court, the judge by order referred the case to the auditor, "with direction that the said auditor, from the pleadings, testimony already introduced, and the record in said case, amend his findings and clearly show in his said findings whether or not the said Mrs. Cornelia Lamar at any time ratified the making of the loan of her funds to the Lovejoy Company by said defendant."   To this order counsel for defendant excepted, and "assigns the same as error, and says that the court erred in limiting the re-referring or recommittment aforesaid, but should have, by appropriate order, recommitted the

case generally to the auditor." There is no merit in this exception, for the order re-referring the case was in complete accord with the direction given by this court referred to above.

2. Upon the hearing of the case after the recommitment the auditor found as follows: "I find that the plaintiff, Mrs. Cornelia Lamar, never at any time ratified the lending of her funds to the Lovejoy Company by defendant, T. E. Lovejoy." To this finding the defendant filed exceptions of fact, and the issue thus raised was submitted to a jury, which sustained the finding of the auditor. This court cannot say, as a matter of law, that there is no evidence to support the verdict, and the judgment refusing a new trial is  *Affirmed. Broyles, C. J., and Luke, J., concur.*