### 16992.  BENTON *v.* ROBERTS.

BELL, J.  1. While it is true that an agent for hire must exercise ordinary care generally about the business of his principal, it is also the rule that if he exceeds or violates his instructions and if his principal suffers damage as a consequence, the agent will be liable. Instructions must be followed, and in a suit for damages by the principal against the agent for a breach of the contract of agency, where it is shown that the instructions were materially violated, it is unnecessary to allege in terms that the agent was negligent. Civil Code (1910), §§ 3576, 3581; *Cave* v. *Lougee,* 134 *Ga.* 135 (67 S. E. 667); *First National Bank* v. *Dickerson,* 24 *Ga. App.* 465 (101 S. E. 194); *Render* v. *Hartford Fire Ins. Co.,* 33 *Ga. App.* 716 (4) (127 S. E. 902).

2. Where in such a case the petition alleges expressly or by implication that the defendant became the agent of the plaintiff for the purpose of lending the plaintiff's money only to good and solvent persons, upon good, sufficient, and solvent security, and to collect and faithfully account for the same, and that the agent violated the terms and conditions of his agency by lending the money to persons "who were then and there insolvent and are now insolvent, and without taking good, ample, and solvent security for said loan," and where it is further shown that, as a result of such violation of the instructions so embodied in the contract of agency, the principal was damaged, the petition sets forth a cause of action. 1 Mechem on Agency, 939; Samoset *v.* Mesnager, 108 Cal. 354 (41 Pac. 337); Marshall *v.* Ferguson, 94 Mo. App. 175 (67 S. W. 935); Robinson Machine Works *v.* Vorse, 52 Iowa, 207 (2 N. W. 1108). An amendment to such petition, alleging that the money was loaned upon a note to mature on January 22, 1921, and that the defendant *refused* to collect the note in compliance with his agreement, was not objectionable as setting forth a new and distinct cause of action, and the court did not err in allowing it.

3. Under the petition and the amendment thereto, the agreement between the parties being oral, the plaintiff's cause of action would not have been barred by the statute of limitations until the lapse of four years from the time the defendant breached the agreement to collect, without an election by the plaintiff to accept an intermediate breach of the contract of agency. Nothing having been done by the plaintiff to mature the cause of action earlier, the suit was not barred, it being filed on January 13, 1925, within less than four years of the maturity of the note. Civil Code (1910), § 4389; *Byrd Printing Co.* v. *Whitaker Paper Co.*, 135 *Ga.* 865 (3) (70 S. E. 798, Ann. Cas. 1912A, 182) ; *Smith* v. *Ga. Loan &c. Co.*, 113 *Ga.* 975 (39 S. E. 410) ; 37 C. J. 813-815.

4. Neither the agent's promise to collect the loan as alleged in the petition nor the agreement, as a part of the contract of agency, to "guarantee" it, as shown in the plaintiff's evidence, constituted a promise to answer for the debt, default, or miscarriage of another, and the statute of frauds was not applicable either to the petition or to the evidence. Such undertaking on the part of the agent would merely relate to the terms and conditions of the agent's original obligations under the contract between him and the principal, at the execution of which no loan to another was in existence.

5. An agent to lend and collect money is not an insurer that the loan will be paid, in the absence of an express agreement on his part to that effect. 1 Mechem on Agency, 939; 2 C. J. 722; *Simmons* v. *Martin*, 54 *Ga.* 48. The allegations in the instant petition, which were as indicated above, did not show such special or express agreement on the part of the agent. While the court did not err in admitting testimony that the defendant agreed to "guarantee" the loan, over the sole objection that such agreement would be invalid under the statute of frauds, it was error, under the pleadings, to submit to the jury the question whether the defendant became a guarantor of the loan, and in effect to instruct them that, if so, the defendant would be liable irrespective of whether the borrowers were insolvent at the making of the loan.

6. The defendant can not claim that his agreement was without consideration, and that for this reason he should be liable only for gross neglect: The act of the plaintiff in placing the money in his hands constituted a sufficient consideration for such promise as he made to her with respect to the terms upon which he would handle it. "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Civil Code (1910), § 4242.

7. Where the instructions to an agent are general and he is expected to merely obtain a result, he is only required to act according to his best judgment to that end, within the rule of ordinary care. An instruction to lend only to good and solvent persons and upon good and ample security is a general instruction as to the character of the persons and of the security, but is a specific instruction not to lend to any person without security. An agreement to collect is also general in nature; and where, in a case like the present, the agent exercises proper care in lending to persons who are good and solvent, and also in taking ample and sufficient security, and thereafter uses ordinary diligence in making collection, he discharges the duties assumed by him, and should not be held liable, although the plaintiff may suffer loss. Lending without

security would be a clear violation of the instructions, and would render the agent liable for any resulting loss sustained by his principal. *Lovejoy* v. *Lamar*, 20 *Ga. App.* 499 (93 S. E. 153) ; 2 C. J. 717.

8. If in a case of this sort the agent has otherwise performed the duties devolving upon him, and if it turns out that the loan made by him for his principal is not collectible, he would not be liable merely for a failure to collect. If the agent is guilty of no other default except in not exercising diligence to collect, he should be liable only for the loss resulting to the plaintiff from that default, and not liable at all, except perhaps for nominal damages, in case proper diligence to collect would have been unavailing. *Central Ga. Bank* v. *Cleveland National Bank*, 59 *Ga.* 668; *McCalla* v. *McCalla*, 48 *Ga.* 502 (2) ; *Cox* v. *Sullivan*, 7 *Ga.* 144 (4) (50 Am. D. 386). It follows that the court erred in charging the jury that if the defendant promised the plaintiff that he would lend the plaintiff's money and collect it and account to her for it, and failed to collect it, the verdict "ought to be in favor of the plaintiff in this, provided there is due her anything at the present time upon that loan."

9. If the plaintiff, as a reasonable person, at any time saw that she was about to sustain a loss as a result of the defendant's negligence, she can not recover for such loss, if she could have avoided it by the exercise of ordinary care. Civil Code (1910), § 4398; 2 C. J. 734. If after the loan matured the agent obtained further security in part, as by a security deed to lands, and the plaintiff was acquainted with this fact, the plaintiff could not arbitrarily refuse to accept such security and hold the defendant liable for her entire loss without deducting whatever amount she might in proper diligence have realized from such security. The question whether the defendant's liability should be reduced by this amount would depend not upon the plaintiff's ratification of the defendant's act in taking the security, but upon whether the plaintiff exercised ordinary care and diligence to lessen her damage. This is not a case where an agent to collect money accepted *in payment* property other than money, and cases like *Holmes* v. *Langston*, 110 *Ga.* 861 (6) (36 S. E. 251), are inapplicable.

10. The court did not err in overruling any of the demurrers to the petition. Without referring in detail to the various excerpts from the charge of the court which have been assigned as error, it may be said that some of them were erroneous under the principles above laid down. For this reason the court erred, after a verdict in favor of the plaintiff, in refusing the defendant's motion for a new trial.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 20, 1926.

Complaint; from Jasper superior court—Judge Park. November 7, 1925.

*M. F. Adams, W. H. Key,* for plaintiff in error.