43330. GLASSMAN v. PHOENIX INSURANCE COMPANY.

ARGUED JANUARY 10, 1968—DECIDED JANUARY 31, 1968.

172

*Samuel L. Eplan, James H. Weeks,* for appellant.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, Jack M. McLaughlin,* for appellee.

HALL, Judge. The agent argues in support of his demurrer that the petition shows the boat was not a risk located in the vicinity of Atlanta and therefore that he was not authorized to insure it on behalf of the insurer. The alleged location of the boat does not show as a matter of law, however, that the binder was not a contract enforceable against the insurer. The meaning of the term "Atlanta and vicinity" in the contract between the agent and the insurer as well as the actual authority of the agent and the insured's knowledge of limitations on the agent's au-

thority, are questions of fact involving the course of dealing between the parties and the practices in the business. *Harris & Co. v. P. E. Vallee & Co.*, 29 Ga. App. 769, 770 (116 SE 642); *Johnson v. U. S. Fidelity &c. Co.*, 93 Ga. App. 336, 341 (91 SE2d 779); 3 Couch on Insurance 2d, 521 et seq., §§ 26:55—26:60; 16 Appleman 114, § 8695; 3 AmJur2d 487, Agency, § 83. The authority of the agent cannot be determined from these pleadings but must be determined by evidence presented to prove or disprove the insurer's allegation that the agent effected a binding contract of insurance. The insurer in its brief concedes that it will be required to prove at the trial that the binder issued by the agent was a contract by which it was bound. Unless this binder is enforceable by the insured, the insurer's payment in settlement of the insured's claim would not be recoverable damage resulting from the agent's alleged negligence. *Code* § 105-2014; accord *Benton v. Roberts*, 35 Ga. App. 749, 751 (9) (134 SE 846).

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*