CAMERON MUTUAL INSURANCE COMPANY OF MISSOURI, an Insurance Company, Plaintiff-Respondent,

v.

Luther BOUSE, d/b/a Bouse Insurance Agency, Defendant-Appellant.

No. 12089.

Missouri Court of Appeals,
Southern District,
Division Three.

May 25, 1982.

Rehearing Denied June 14, 1982.

J. Kent Howald, R. Brooks Kenagy, Beckham, Hale, Howald & Kenagy, Steelville, for defendant-appellant.

W. H. Thomas, Jr., Ralph J. Haslag, Routh, Thomas & Birdsong, P. C., Rolla, for plaintiff-respondent.

HOGAN, Judge.

Cameron Mutual Insurance Company brought this action to obtain reimbursement for a loss sustained as a result of defendant Luther Bouse's negligence in failing to cancel an oral contract of insurance or to return the initial premium tendered when application for a written policy was made. Plaintiff has had a verdict and judgment in the amount of $6,000. Defendant appeals. The determinative question is whether the plaintiff proved and properly submitted the scope of defendant's apparent authority at the time the oral contract was concluded.

Daniel and Claudette Gruver, to whom we shall refer as the Gruvers, purchased a house trailer in July or August 1976. They had obtained property insurance from the defendant on two prior occasions, and they asked him to "transfer" their "renter's" policy to the trailer and its contents. Being told that the renter's policy could not be transferred, the Gruvers made application for property insurance upon the trailer and its contents. Contemporarily, they tendered the sum of $49.77 in payment of the first premium to become due upon a written policy and executed a premium finance agreement to pay the balance of the total premium. Defendant made snapshots of the trailer. All the documents and the snapshots were received by the plaintiff on August 23, 1976.

The defendant knew the plaintiff considered house trailers to be unacceptable risks unless they were anchored to the ground. He therefore noted on the Gruvers' application "Has just set trailer up. Will anchor as soon as possible." On September 22, the plaintiff notified defendant it would not accept the risk because the trailer was not properly anchored; on October 4, the plaintiff wrote defendant, re-turning the application, the snapshots and the check for the first premium. Plaintiff rejected the application and asked Bouse to place the coverage elsewhere. Plaintiff agreed to bind coverage until November 4 to allow Bouse to obtain insurance with another carrier.

At some time after the application was sent forward, Bouse advised the Gruvers that the plaintiff would not issue a policy unless their trailer was anchored. The Gruvers insisted they had the trailer anchored; Bouse testified he inspected the trailer and found no sign of any anchorage. The evidence warrants a finding that Bouse never unequivocally notified the Gruvers that their application had been rejected and repeatedly told them their trailer was "covered." Defendant admitted he never returned the initial premium payment.

On March 6, 1977, the Gruvers' trailer and its contents were completely destroyed by fire. Bouse finally told the Gruvers the trailer was uninsured, and they complained to the plaintiff. Plaintiff sent a staff adjuster to investigate the claim. He discovered, among other things, that defendant had altered his records, making it appear that all or most of the initial premium had been returned to the Gruvers. After a period of investigation and negotiation with the Gruvers and with Bouse, plaintiff paid the Gruvers the full amount of the coverage they had applied for—$11,900—and this action followed.

The plaintiff's pleaded theory was that defendant was "at all times" acting as agent for the plaintiff and that defendant caused its loss by failing to notify the Gruvers that plaintiff was unwilling to afford coverage and by failing to return the check for the initial premium. The defendant denied his agency; admitted he failed to return the premium check, denied that he failed to notify the Gruvers plaintiff would provide no coverage and averred that plaintiff's payment was gratuitously made. Defendant moved for a directed verdict at the close of the plaintiff's case. Plaintiff's hypothesis of liability, disjunctively submitted

by Instruction No. 5, was that defendant negligently failed "to notify the Gruvers that Plaintiff, Cameron Mutual Insurance Company of Missouri, was not providing fire insurance coverage upon the Gruvers' mobile home and personal property, or failed to return the Gruvers' first premium payment, after being notified by the Plaintiff, Cameron Mutual Insurance Company of Missouri that insurance coverage was not being provided on the Gruvers' mobile home and personal property." The instruction hypothesized a finding that "as a direct result of [defendant's] negligence, plaintiff sustained damage." The instruction is marked "Not in MAI," but seems to have been modeled after MAI 17.02. No finding of agency was hypothesized.

The defendant moved for a directed verdict at the close of all the evidence and filed a timely alternative motion for judgment notwithstanding the verdict or for a new trial as authorized by Rule 72.01(b), V.A. M.R. As supplemented by our order, the legal file reflects that the alternative after-trial motions were filed 12 days after entry of the judgment on September 5, 1980. On October 27, the trial court took the motions under advisement. No ruling was ever made and on December 16, 90 calendar days after the motions were filed, Notice of Appeal was filed. Under the provisions of Rules 78.06 and 81.05 the motions were overruled by lapse of time and the appeal was timely taken.

In his motion for judgment n. o. v., defendant asserted that plaintiff was obliged to prove Bouse's agency as an essential element of its case. In his motion for new trial, defendant assigned error to plaintiff's failure to hypothesize a finding of agency in its verdict-directing instruction. In his brief filed here, defendant asserts that "the trial court erred by entering judgment in favor of respondent because the court did not instruct the jury to find that appellant was respondent's agent, in that agency was denied by appellant and conflicting testimony on the issue of appellant's purported agency was presented by respondent." If this assignment of error has some characteristics of a shotgun blast, it runs parallel to defendant's objections upon trial and the respondent has found itself able to answer the contention vigorously. The assignment is sufficient, if imprecise. *Yates v. White River Valley Electric Co-Operative*, 414 S.W.2d 808, 811[2] (Mo.App.1967).

The plaintiff argues that the only aspect of defendant's agency with which we need be concerned is whether his failure to notify the Gruvers that plaintiff had refused to insure their property and his failure to return the initial premium is imputable to the plaintiff. We cannot agree, although we concede as a matter of general law, that an insurance agent is required to obey all reasonable instructions and exercise reasonable care in carrying out the orders of his principal. 16 Appleman, Insurance Law and Practice § 8781, p. 463 (Rev.ed.1981). And, again as a matter of general law, when an insurance company directs its agent to cancel a policy or reject a risk, it is his duty to do so, and if he negligently fails to carry out his principal's instructions he may be found liable to the insurer for the amount it is required to pay under the policy in settlement of a loss. *National Grange Mutual Insurance Company v. Wyoming County Insurance Agency, Inc.*, 156 W.Va. 521, 195 S.E.2d 151, 154[1–3][4] (1973); Annot., 35 A.L.R.3d 792, 797–798 § 3 (1971). But an insurance carrier may not supinely buy its peace at the expense of an agent. When an insurer seeks indemnification from its agent because of his negligent failure to perform some duty owed to the insurer, the insurer must prove the existence of a valid and enforceable contract of insurance of some order; otherwise the agent's negligence is not the proximate cause of the insurer's loss. *Glassman v. Phoenix Insurance Company*, 117 Ga.App. 171, 160 S.E.2d 264, 266 (1968); *National Grange Mutual Insurance Company v. Wyoming County Insurance Agency, Inc.*, supra, 156 W.Va. 521, 195 S.E.2d at 154[3]; Annot., 35 A.L.R.3d 907, 920–921 § 6 (1971). The burden of proving the agent's actual or apparent authority to expose it to a risk it was unwilling to accept was on the plaintiff. *American Fire & Cas. Co. v. Stewart-*

*Sneed-Hewes, Inc.*, 478 F.2d 227, 230[3, 4] (5th Cir. 1973); *Glassman v. Phoenix Insurance Company, supra,* 117 Ga.App. 171, 160 S.E.2d at 266; 16 Appleman, Insurance Law & Practice § 8781, pp. 486–487 (Rev. ed. 1981). And, of course, a plaintiff's verdict-directing instruction must require the jury to find all necessary elements of its case except such as are unequivocally conceded by both parties. *Galemore Motor Co., Inc. v. State Farm Mutual Automobile Ins. Co.,* 513 S.W.2d 161, 167[10] (Mo.App.1974); *Morris v. Continental Casualty Company,* 423 S.W.2d 42, 47[3] (Mo.App.1967). The difficulty with plaintiff's position is that its verdict-directing instruction simply assumes that the defendant had actual or ostensible authority to enter into an oral contract of insurance for an indefinite period, knowing that the risk was unacceptable to the plaintiff.

■ The evidence of defendant's actual authority is scant. The defendant's contract of employment is entitled "Standard Agent's Agreement." He agrees, by this contract:

"... [T]o solicit applications for insurance; collect initial premiums and remit company owned money to the company in the manner and at such times as may be prescribed by the company, and, while in possession of any such money, to hold it in trust as the absolute property of the company; reinstate and transfer insurance; report, investigate and handle losses and claims under the company's direction ...."

■ This provision establishes that the defendant was a soliciting agent, but a soliciting agent does not have authority to accept risks or agree upon and settle the terms of insurance contracts. *American Family Insurance Company v. Bach,* 471 S.W.2d 474, 478[3][4] (Mo.1971). The application completed, unlike the application discussed in *Baker v. St. Paul Fire & Marine Insurance Company,* 427 S.W.2d 281, 293–294[16] (Mo.App.1968), does not import in legal effect that this defendant had authority, actual or ostensible, to enter into a binding oral contract of insurance. The only other evidence of actual authority is defendant's statement that he had authority to "bind coverage." The testimony of an agent is competent to establish his agency, *Hood v. Millers' Mutual Ins. Ass'n,* 578 S.W.2d 605, 609[8] (Mo.App.1979), but neither the fact of his employment nor his representations are of themselves sufficient to establish the scope of his authority, for as our Supreme Court has put it, "... an agent cannot create his own authority." *Jeff-Cole Quarries, Inc. v. Bell,* 454 S.W.2d 5, 13 (Mo.1970); see also *Southwestern Bell Telephone Co. v. Roussin,* 534 S.W.2d 273, 277[8] (Mo.App.1976). There is no evidence that Bouse had actual authority to effect an oral contract of indefinite duration which would bind the plaintiff.

■ Bouse's authority to bind the plaintiff must be found, if it is to be found, within the doctrine of apparent authority, which, as we have held, is the equivalent of expressly conferred power, as far as third persons are concerned. *Galemore Motor Co., Inc. v. State Farm Mutual Automobile Ins. Co., supra,* 513 S.W.2d at 166. The record shows that the Gruvers procured insurance from the plaintiff through Bouse on two occasions before the application of August 19, 1976, was completed. Bouse was a rural mail carrier, but he had an insurance office at which he normally worked from 1 to 6 p. m. or until "whenever" he could leave. We do not know precisely what other accouterments of authority plaintiff furnished the defendant, but in our view, the Gruvers' prior dealing with the defendant furnished a sufficient factual basis for the Gruvers to believe and assume that Bouse was an agent of the plaintiff, possessed of the authority to obtain insurance from the plaintiff. But the question on appeal is not whether Bouse had some kind of authority, but whether the scope of his authority—apparent authority—was such as to justify the Gruvers' continued reliance upon Bouse's apparent authority so as to bind the plaintiff to an oral contract of insurance of apparent indefinite duration.

The authority of insurance agents is governed by the general law of agency. 16 Appleman, Insurance Law and Practice § 8672, pp. 185–186 (Rev.ed.1981). The rule limiting justifiable reliance upon the ostensible authority of an agent was stated by our Supreme Court in *Jeff-Cole Quarries, Inc. v. Bell*, supra, 454 S.W.2d at 13, as follows:

"... [T]he party who claims reliance (on an agent's apparent authority) must not have closed his eyes to warning or inconsistent circumstances. Authority is not "apparent" simply because the party claiming [reliance on it] has acted upon his conclusions ... (nor) simply because it looked so to him. It is not a situation where one may read while he runs. It is only where a person of ordinary prudence, conversant with business usages and the nature of the particular business, acting in good faith, and giving heed not only to opposing inferences but also to all restrictions ... brought to his notice, would reasonably rely, that a case is presented within the operation of the rule."

See also *Wyler Watch Agency v. Hooker*, 280 S.W.2d 849, 854[5–7] (Mo.App.1955); 1 F. Mechem, Agency § 726, p. 513 (2d ed. 1914).

We have concluded that the question of the scope of Bouse's apparent authority should have been submitted to the jury. We concede there was evidence from which a jury could have found that Bouse was at all times acting within the scope of his authority. However, Bouse testified he sent the Gruvers a memorandum on October 7, 1976, advising them he could not get coverage because the trailer was not anchored, but could write it with plaintiff "when you get [the trailer] tied down." Mrs. Gruver acknowledged that Bouse had told her it would be necessary to anchor the trailer down, but maintained the necessary "tie downs" had been installed.

Some uncertainty on the Gruvers' part is demonstrated by the fact that Mrs. Gruver repeatedly asked defendant if the trailer "was covered," inquired about an inspection the defendant had proposed to make, and on Saturday before the fire on Sunday, sent her husband to inquire about the premium which was due and about the inspection Bouse was supposed to make. Further, Mrs. Gruver testified that in March 1977 no policy had been issued. She "assumed" it was at the bank which held a first lien on the trailer, but made no inquiry. The issue of the scope of defendant's authority should have been included in the verdict-directing instruction, and the term "scope and course" of defendant's employment should have been appropriately defined. Cf. *Galemore Motor Co., Inc. v. State Farm Mutual Automobile Ins. Co.*, supra, 513 S.W.2d at 168[11].

For the reasons indicated, the judgment is reversed and the cause is remanded for retrial.

PREWITT, P. J., and TITUS, J., concur.